# Supreme Court of Florida

_____

No. SC14-1055

_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES FOR CERTIFICATION AND REGULATION OF SPOKEN LANGUAGE COURT INTERPRETERS.**

[March 31, 2015]
**REVISED OPINION**

PER CURIAM.

The Court Interpreter Certification Board (Board) asks the Court to adopt amendments to the Florida Rules for Certification and Regulation of Spoken Language Court Interpreters (Court Interpreter Rules). We have jurisdiction. See art. V, § 2(a), Fla. Const.

This Court has charged the Board with the responsibility to continuously study the court system's interpreting services program and to consider and propose program changes to improve the provision of court interpreting services. Under Court Interpreter Rule 14.110(f)(5), the Board has authority to make recommendations to the Court on language access issues and to recommend

amendments to court rules relating to court interpreting services.  With the minor exceptions discussed below, we adopt the amendments as proposed.

In March 2014, this Court adopted amendments to the Court Interpreter Rules.  See In re Amends. to Fla. Rules for Certif. & Regul. of Court Interprtrs., 136 So. 3d 584 (Fla. 2014).  With those amendments, we established and set the qualifications for the three "designations" of court interpreters: certified, language-skilled, and provisionally approved.  The amendments also subjected undesignated interpreters working in the courts by court appointment on a regular or recurring basis to the court interpreters' Code of Professional Conduct and, to a limited extent, to the disciplinary procedures for designated court interpreters.

The amendments we adopt today include a definition of the term "court interpreter" that is more inclusive than previously understood.  "Court interpreter" is defined to include all persons providing spoken language interpreting services in all court and court-related proceedings, except those providing services without pay to indigent persons when court appointment is not required.  We also adopt a definition of "court-related proceeding" that will make clear that the provision of high-quality court interpreting services is intended to include not only proceedings presided over by a judge, magistrate, or hearing officer but also ancillary activities such as depositions, mediations, and other similar proceedings.  The purpose of

these amendments is to broaden the application of the Court Interpreter Rules and to elevate the quality of court interpreter services throughout the court system.

The new rules require all court interpreters, as newly defined, to register with the Office of the State Courts Administrator. The act of registration will now be an interpreter's first step toward becoming a designated interpreter. After an individual registers, the rules require the registrant to make progress toward achieving designation by undertaking the required qualifying steps with respect to training, experience, and testing. Other changes are made throughout the rules to coordinate existing provisions with the new registration requirement.

Under the amendments we adopt today, the Code of Professional Conduct and disciplinary rules will apply to all court interpreters, as newly defined, working in the court system.

The amended rules will apply the standards of the court interpreter certification program more broadly throughout the court system. Current rule 14.205, Certified Court Interpreter Designation, provides that certified interpreters are given preference in court appointments, contracts for interpreter services, and interpreter staff hiring decisions. Rule 14.215, Language Skilled Designation, provides that language-skilled interpreters are given preference in court appointments. Amended rules 14.205 and 14.210 (current rule 14.215 is renumbered as 14.210) extend the preference for certified and language-skilled

interpreters to "selection, appointment, staffing, [and] private retention of court interpreters." These changes are intended to promote the use of more highly qualified interpreters when interpreters are privately retained as well as when they are court-appointed.

As part of a reorganization that changes the order in which various provisions will appear in the body of rules, current rule 14.210, Waiver of Examination Requirement, is renumbered as rule 14.220. Current rule 14.210(b) provides: "Upon presentation of proof satisfactory to the board, the examination requirement shall be waived for anyone who has passed an equivalent examination in another state, if in accordance with board-approved requisites." As proposed for inclusion in subdivision (b) of new rule 14.220, this sentence reads: "Upon presentation of proof satisfactory to the board, the examination requirement shall be waived for anyone who has taken an equivalent examination in another state and meets minimum qualifying board-approved requisites." We do not agree that the words "has passed an equivalent examination" should be changed to read "has taken an equivalent examination." We retain the words "has passed" in adopting new rule 14.220(b). Also, we change the heading of subdivision (b) from "Reciprocity" to "Equivalent Examination" to more accurately describe the content of the subdivision.

In addition to the matters discussed above, the amendments include changes in the organization of the rules and changes to coordinate the various new provisions with the existing rules and to make terminology consistent.

We thank the members of the Court Interpreter Certification Board for their service in preparing these rule amendments for our consideration. We adopt the rule amendments shown in the appendix to this opinion. New language is indicated by underlining. Deleted language is shown in struck-through type. All of the amendments will take effect at 12:01 a.m. on April 1, 2015, except for amended rules 14.200(a), 14.205(b)(1), 14.210(b)(1), and 14.215(a)(1). The latter amendments will take effect at 12:01 a.m. on October 1, 2015.

It is so ordered.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

Original Proceedings – Court Interpreter Certification Board Committee

Judge Jon Kevin Abdoney, Chair, Court Interpreter Certification Board, Tenth Judicial Circuit, Bartow, Florida, and Judge William Elbridge Davis, Past Chair, Court Interpreter Certification Board, Eighth Judicial Circuit, Gainesville, Florida; and James Calvin Goodlett, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

Kathleen Regina Pugh, Trial Court Administrator, Seventeenth Judicial Circuit, Fort Lauderdale, Florida,

Responding with comments

**APPENDIX**

**FLORIDA RULES FOR CERTIFICATION AND REGULATION
OF SPOKEN LANGUAGE COURT INTERPRETERS**

**PART I.   GENERAL PROVISIONS**

**Rule 14.100.        Definitions**

The following terms have the meanings shown as used in these rules:

**(a)  Court Interpreter.**  Any person providing spoken language court interpreting services during a court or court-related proceeding, except persons performing such services without remuneration on behalf of indigent persons in circumstances not requiring appointment of a court interpreter.

**(ab)  Certified Court Interpreter.**  An interpreter who has completed all requirements for certification in accordance with these rules and holds a valid certificate issued by the Office of the State Courts Administrator.

**(bc)  Language Skilled.**  A designation reserved for interpreters who have completed all requirements in accordance with these rules, but who are seeking certification in a spoken language for which there is no state-certifying examination, such persons holdingand hold a valid certificate issued by the Office of the State Courts Administrator.

**(ed)  Provisionally Approved.**  A designation reserved for interpreters of spoken languages for which a state-certifying examination is available, who, although not yet certified, have passed the oral performance exam at a lesser qualifying prescribed level and hold a valid certificate issued by the Office of the State Courts Administrator.

**(de)  Duly Qualified Interpreter.**  An interpreter who is certified or language skilled, or, if a certified or language skilled interpreter is unavailable, a provisionally approved interpreter, as these terms are defined under sectionssubdivisions (ab) through (ed) above.

**(f)  Court.**  Any county, circuit or district court of this state or the Supreme Court of Florida.

**(g)  Court Proceeding.**  Any hearing or trial presided over by a state court

judge, general magistrate, special magistrate, or hearing officer within the state courts system.

**(h)  Court-Related Proceeding.**  Any event, including, but not limited to, a deposition, mediation, arbitration, or examination, which occurs or could be made to occur as a result of a court order, subpoena, or general law, and for which the primary purpose is the communication or exchange of information related to a claim or defense in or the settlement of a pending or impending court case. However, a law enforcement investigation which does not yet involve the participation of the prosecuting authority shall not be considered a court-related proceeding.

**(ei)  Board.**  The Court Interpreter Certification Board.

**(fj)  Compliance Period.**  The two-year period beginning upon official designation as a certified, language skilled, or provisionally approved court interpreter.

**(g)  Court.**  Any county, circuit or district court of this state or the Supreme Court of Florida.

**(hk)  State-Certifying Examination.**  A full or abbreviated board-approved oral performance examination designed to objectively measure whether a candidates possesses the minimum levels of language knowledge and fluency and interpreting skills required to perform competently during court proceedings.

**(il)  Written Examination.**  An initial qualifying or screening examination designed to measure a candidate's literacy in English, familiarity with, and usage of, court-related terms, and/or knowledge of matters regarding interpreter ethics and related professional conduct.

**(jm)  Full Oral Performance Examination.**  An oral examination which measures language knowledge and fluency in both English and non-English languages, as well as the ability to successfully render meaning in target and source languages in simultaneous interpretation, consecutive interpretation, and sight translation of documents.

**(kn)  Abbreviated Oral Performance Examination.**  An oral examination assessing functional proficiency to competently interpret simultaneously in court from English to a non-English language, and prerequisite to which a candidates

must satisfy board-approved oral proficiency interviews in both English and non-English languages.

(~~l~~o)  **Oral Proficiency Interview.**  A standardized language proficiency interview assessing functional speaking ability in both English and non-English languages.

(~~m~~p)  **Modes of Court Interpretation.**  Simultaneous interpretation, consecutive interpretation, and sight translation of documents in a court setting.

(q)  **Transcription.**  The process of preserving audio or videotaped sound files in written form, duplicating the original, together with its translation into the target language, and, when used for evidentiary purposes, produced in dual-language format with the original and translation appearing side-by-side.

(r)  **Translation.**  Converting a written text from one language into written text in another language.

**Rule 14.110.**        **Court Interpreter Certification Board**

(a)  **Board Composition.**  The Court Interpreter Certification Board is created to supervise a process by which interpreters may become certified or otherwise duly qualified, and in accordance with which the conduct of all court-appointed persons engaged in spoken language interpreting in the courts shall be governed.  The board shall be under the supervisory authority of the Supreme Court of Florida.  It shall be composed of ten persons, appointed by the chief justice, as follows:

(1)  two county court judges;
(2)  three circuit court judges;
(3)  three trial court administrators;
(4)  one federally certified court interpreter; and
(5)  one state certified court interpreter.

(b)  **Staff.**  Such staff as may be necessary to administer the program and permit the board to carry out its duties shall be provided by the Office of the State Courts Administrator insofar as funded by the Florida Legislature.

**(c) Officers; Quorum.** The chief justice shall appoint one of the board members to serve as chair. A majority of the board shall constitute a quorum.

**(d) Vacancies.** Any vacancy on the board shall be filled by appointment by the chief justice. A person appointed to fill a vacancy shall serve for the remainder of the term of the member being replaced.

**(e) Terms.** All terms shall be three years. Members shall be eligible for reappointment.

**(f) Duties.** The duties of the board shall include:

(1) ~~certification~~registration, designation, regulation, and discipline of all court interpreters, and, upon failure to comply with these rules, suspension~~,~~ and revocation of ~~certification of~~registrations and acquired designations ~~court interpreters~~;

(2) ~~designation, regulation, and discipline of language skilled and provisionally approved court interpreters, as well as suspension and revocation of designation upon failure to become certified within prescribed time frames;~~

(3) ~~regulation and discipline of court-appointed interpreters who, although neither certified nor otherwise qualified in accordance with these rules, are permitted to provide court interpreting services when a certified, language skilled, or provisionally approved interpreter is unavailable;~~

(4~~2~~) ~~the~~ authority to periodically review and adopt new or amended board operating procedures consistent with these rules;

(5~~3~~) ~~the~~ authority to make recommendations to the supreme court regarding language access issues and amendment of court rules relating to provision of spoken language court interpreting services; and

(6~~4~~) performance of such other assignments relating to provision of spoken language court interpreting services as may be directed by the chief justice of the supreme court.

**(g) Fees.** The board shall have the authority to recommend to the supreme court such fees as the board may deem necessary to permit it to carry out its duties,

including, but not limited to, orientation fees, examination fees, application fees, renewal fees, and late fees.  All such fees shall be made payable to the State of Florida and shall be non-refundable.

(h)  **Records; Registry.**  The board shall maintain records and minutes of its meetings and all other official actions.  It shall ~~also~~ maintain a record of all continuing education credits earned by <u>registered,</u> certified, language skilled, and provisionally approved court interpreters.  It shall also maintain separate registries containing the name <u>and, as applicable,</u> designation number, renewal date, and geographic areas where services are available for each <u>registered and</u> officially designated court interpreter.

(i)  **Expenses.**  Members of the board shall serve without compensation.  However, they shall be reimbursed for all reasonable expenses incurred in the performance of their duties, in compliance with all rules and statutes governing such reimbursement.

## PART II.  INTERPRETER <u>REGISTRATION AND</u> DESIGNATIONS

## Rule 14.200.        ~~Qualification~~<u>Registration</u>

(a)  **~~Exclusive Designations~~<u>Registration</u>.**  ~~Individuals providing court interpreting services shall be designated certified court interpreters, language skilled, or provisionally approved upon qualifying in accordance with these rules. As a descriptive term employed in relation to the provision of court interpreting services, "duly qualified" refers exclusively to those persons who are certified or language skilled, or, if a certified or language skilled interpreter is unavailable, a provisionally approved interpreter.~~  <u>Court interpreters shall, prior to providing interpreter services, become registered with the Office of the State Courts Administrator.</u>

(b)  **General Prerequisites.**  Unless otherwise provided, all applicants completing prerequisites for ~~any of the three official state-level court interpreter designations~~<u>registration</u> must:

(1)  as an initial prerequisite, attend a two-day orientation program administered by the Office of the State Courts Administrator or board-approved training provider;

(2)  pass a written examination approved by the board, which shall include an ethics component;

(3)  submit an approved reporting form documenting completion of 20 hours of courtroom observation;

(4)  take an oath to uphold the Code of Professional Conduct adopted in these rules;

(5)  undergo and pass a background check according to standards prescribed by the board and published in board operating procedures;

(6)  agree to obtain 16 credits of continuing education from a continuing education program approved by the board; and

(7)  ~~submit an application for certification, language skilled, or provisionally approved designation and enclose an initial application fee in an amount set by the supreme court.~~ agree to diligently pursue designation as a certified, language skilled, or provisionally approved interpreter and, within the first year of any two-year registration period, submit to:

(i)  at least 1 full oral performance examination approved by the board, or, in the event a full oral performance examination is unavailable, submit to a board-approved abbreviated oral examination and demonstrate functional speaking ability in English and a non-English language through oral proficiency interviews as a prerequisite to taking the abbreviated examination;

(ii)  at least 1 approved oral proficiency interview in English and a non-English language for which there is no state-certifying examination as an assessment of functional speaking ability; or

(iii)  at least 1 equivalent state-certifying examination in another state that is in accordance with board-approved requisites; and

(8)  submit an application for registration and enclose an initial application fee in an amount set by the supreme court.

**(c)  Renewal.**  Registration under this rule shall be valid for a period of 2 years.  Before any person's registration may be renewed, he or she must have

- 12 -

completed 16 credits of continuing education through a board-approved program and comply again with subdivisions (b)(3) through (b)(7) of this rule.  The board shall provide written notice of expiring registrations at least 90 days before expiration.  Applications for renewal of registration must be accompanied by a fee in an amount set by the supreme court.

**(d)  Administrative Revocation.**  Registration shall be automatically revoked for any person who fails to submit to at least one of the foregoing examinations within the first year of any two-year registration period, except for registrants who have achieved the designation of certified, language skilled, or provisionally approved during a prior two-year registration period.  A court interpreter whose registration is revoked under this subdivision shall not be eligible for registration for a period of 1 year following revocation and must thereafter comply with all requirements of subdivision (b) of this rule.

**(e)  Threshold Performance.**  Registration may be revoked at the discretion of the board for any person who fails to attain minimum scores, in accordance with standards prescribed by the board and published in board operating procedures, on the sight translation, simultaneous interpretation, and consecutive interpretation components during a single test administration as specified under subdivision (b)(7)(i) or (b)(7)(iii), or who fails to demonstrate satisfactory functional speaking ability as prescribed by the board during an oral proficiency interview under subdivision (b)(7)(ii).

**(f)  Persons Holding Valid Designation.**  A person holding the designation of certified, language skilled, or provisionally approved interpreter is deemed to be registered during the time he or she holds such designation.  Renewal of the designation of certified, language skilled, or provisionally approved interpreter shall be governed by rule 14.230.

**(g)  Loss of Designation.**  Any certified, language skilled, or provisionally approved court interpreter whose designation expires, is suspended, or revoked shall be deemed unregistered on the 181st day following loss of designation, unless the board, in its discretion, sets a shorter period of time.  Any person failing to renew registration within 181 days after loss of designation, or such lesser number of days as may be set by the board, shall cease providing interpreter services in all court and court-related proceedings.

**Rule 14.202.**     **Exclusive Designations**

Court interpreters shall be designated certified, language skilled, or provisionally approved upon qualifying in accordance with rules 14.205, 14.210, and 14.215.

**Rule 14.205.**     **Certified Court Interpreter Designation**

**(a) Preferred Appointment, Retention, and Staffing.** The certified court interpreter designation represents the highest qualified state-level interpreter designation and shall be the preferred designation ~~when selecting court-appointed interpreters, arranging for contractual interpreter services, and making staff hiring decisions~~ in the selection, appointment, staffing, or private retention of court interpreters.

**(b) Requirements.** An ~~applicants~~ seeking designation as a certified court interpreter must:

(1) ~~pass a full oral performance examination approved by the board, unless qualifying for a waiver of the examination requirement under rule 14.210, or, in the event a full oral performance examination is unavailable, pass a board-approved abbreviated oral examination and demonstrate functional speaking ability in English and non-English languages through oral proficiency interviews as a prerequisite to taking the abbreviated examination and qualifying for certification~~register under provisions of rule 14.200, complying with subdivisions 14.200(a), (b)(1) through (b)(6), and (b)(8);

(2) ~~meet all general prerequisites under rule 14.200~~pass a board-approved full oral performance examination upon attaining a minimum score in accordance with standards prescribed by the board and published in board operating procedures, unless qualifying for a waiver of the examination requirement under rule 14.220; ~~and~~

(3) absent availability of a full oral performance examination, pass a board-approved abbreviated oral examination, attaining a minimum score in accordance with standards prescribed by the board and published in board operating procedures, and demonstrate functional speaking ability in English and a non-English language as prescribed by the board through oral proficiency interviews as

a prerequisite to taking the abbreviated examination and qualifying for certification; and

(3~~4~~) complete the process leading to designation within ~~two~~2 years following ~~the orientation required under rule 14.200(b)(1)~~submission of an application for registration, unless extended by the board in exceptional circumstances.

**(c) Court-Employed Interpreters.** Applicants who are selected as employee interpreters, but who are not certified at the time of court employment, shall become certified within ~~one~~1 year of being employed in a court interpreting position. The one-year requirement may be modified by the board on a case-by-case basis, if necessary, only in exceptional circumstances.

~~**Rule 14.210.** **Waiver of Examination Requirement**~~

~~**(a) Federal Certification.** Upon presentation of proof satisfactory to the board, the oral performance examination requirement shall be waived for anyone holding a federal courts certificate which is issued by the Administrative Office of the United States Courts and whose name appears on the registry of federally certified interpreters. No other component of certification is waived by this rule.~~

~~**(b) Reciprocity.** Upon presentation of proof satisfactory to the board, the examination requirement shall be waived for anyone who has passed an equivalent examination in another state, if in accordance with board-approved requisites.~~

**Rule 14.2~~15~~10.** **Language Skilled Designation**

**(a) Preferred Appointment, Retention, and Staffing.** The language skilled designation represents the highest qualified state-level interpreter designation next beneath full certification and shall be the preferred designation over non-designated interpreters ~~when selecting court-appointed interpreters~~in the selection, appointment, staffing, or private retention of court interpreters in the area of the language skilled individual's linguistic expertise.

**(b) Requirements.** An applicants seeking designation as a language skilled court interpreter ~~skilled~~ in a spoken language for which there is no state-certifying examination ~~may seek designation as language skilled interpreters upon~~ must:

(1) ~~passing an approved oral proficiency interview in English and the non-English language as an assessment of functional speaking ability~~register under provisions of rule 14.200, complying with subdivisions 14.200(a), (b)(1) through (b)(6), and (b)(8); ~~and~~

(2) ~~meeting all general prerequisites under rule 14.200.~~pass an approved oral proficiency interview in English and a non-English language, attaining a minimum score in accordance with standards prescribed by the board and published in board operating procedures, as an assessment of functional speaking ability; and

(3) complete the process leading to designation within 2 years following submission of an application for registration, unless extended by the board in exceptional circumstances.

**(c) Conditional Designation.** In the event a language-specific state-certifying examination becomes available, a language skilled interpreters shall be required to take and pass the certifying examination within ~~two~~2 years of notice of its availability. Failure to become certified within this two-year period shall result in loss of the language skilled designation, unless the board approves an extension in exceptional circumstances.

**Rule 14.2~~20~~15.** **Provisionally Approved Designation**

**(a) Requirements.** An Iindividuals not yet certified in a spoken languages for which a state-certifying examination is available, but who ~~have~~ has taken the oral performance exam, may be designated as provisionally approved upon:

(1) ~~scoring a minimum 60 percent on each section of the oral exam and an overall 65 percent or greater~~ registering under provisions of rule 14.200, complying with subdivisions 14.200(a), (b)(1) through (b)(6), and (b)(8);

(2) ~~meeting all general prerequisites under rule 14.200~~attaining minimum scores on each section of the oral exam in accordance with standards prescribed by the board and published in board operating procedures; and

(3) completing the process leading to designation within ~~two~~2 years following ~~the orientation required under rule 14.200(b)(1)~~submission of an application for registration, unless extended by the board in exceptional circumstances.

**(b) Loss of Designation.** Following designation as a provisionally approved interpreter, if the interpreter fails to become certified within ~~two~~2 years, or within ~~one~~ 1 year if the individual is employed in a court interpreting position, the interpreter will forfeit the designation unless the board approves an extension in exceptional circumstances.

## Rule 14.220.        Waiver of Examination Requirement

**(a) Federal Certification.** Upon presentation of proof satisfactory to the board, the oral performance examination requirement shall be waived for anyone holding a federal courts certificate which is issued by the Administrative Office of the United States Courts and whose name appears on the registry of federally certified interpreters. No other component of certification is waived by this rule.

**(b) Equivalent Examination.** Upon presentation of proof satisfactory to the board, the examination requirement shall be waived for anyone who has passed an equivalent examination in another state and meets minimum qualifying board-approved requisites. No other component of registration, certification, language skilled, or provisionally approved designation is waived by this rule.

## Rule 14.225.        Issuance of Certificates

Upon satisfactory completion of the specified requirements, the board shall issue a certificate for each official designation which shall include a designation number and date of issue. Letters confirming registration shall be issued to persons satisfying requirements under rule 14.200.

**Rule 14.230.      Renewal of Certificates**

(a)  **Renewal.**  Once issued, the certificate for a certified court interpreters shall remain renewable unless suspended or revoked by the board.  The language skilled designation may also be renewed conditioned upon continued unavailability of a state-certifying examination in the language for which this designation has been granted.  Absent an extension of time granted only in exceptional circumstances, failure to become certified within two2 years, or one1 year for anyone employed in a court interpreting position, will result in forfeiture of a provisionally approved designation.  Renewal of registration shall be undertaken as provided under rule 14.200(c).

(b)  **Biennial Renewal Fee.**  Each certified and language skilled court interpreter shall pay a biennial renewal fee in an amount set by the supreme court.  A certificate shall be suspended automatically upon non-payment, but shall be reinstated upon application to the board, accompanied by payment and made within 60 days of the date of suspension.  Upon expiration of the 60-day grace period, any request for reinstatement must be made in accordance with rule 14.450.

(c)  **Notification.**  The board shall notify all certified, language skilled, and provisionally approved court interpreters in writing of the expiration date of their certificates at least 90 days before such date.  Notice shall be given by regular United States mail, directed to the last mailing address on file with the board.

(d)  **Continued Status in Exceptional Circumstances.**  If the board determines exceptional circumstances warrant an extension of time within which a language skilled or provisionally approved interpreter may obtain certification, the interpreter will not forfeit the respective designation during the period of extension.  A language skilled or provisionally approved interpreter who is granted an extension must, in lieu of a biennial renewal fee and as a condition of maintaining formal designation, pay a fee in an amount proportionate to the time of extension.

# PART III.  CODE OF PROFESSIONAL CONDUCT

## Rule 14.300.        Professional Conduct

~~Each certified, language skilled, and provisionally approved court interpreter, as well as court-appointed individuals providing interpreting services because of the unavailability of officially designated state-level~~ All court interpreters~~,~~ shall act in a professional manner in keeping with the Code of Professional Conduct as set forth herein.  Failure to adhere to the Code may lead to disciplinary action.  Disciplinary action is at the discretion of the board.

# PART IV.  DISCIPLINE

## Rule 14.400.        Application

~~Each certified, language skilled, and provisionally approved court interpreter, as well as court-appointed individuals providing spoken language interpreting services on a regular or recurring basis because of the unavailability of officially designated state-level court interpreters,~~ All court interpreters shall be subject to the disciplinary provisions under this part.

~~Disciplinary action may be undertaken against a court-appointed interpreter holding no official state-level designation only in circumstances suggesting intentional disregard for impartiality or fairness of the proceeding.  A presumption of bias arises if, having been apprised of his or her role and having subsequently been cautioned by the court, an interpreter persists in altering or omitting statements made on the record or otherwise acts in a manner potentially prejudicing the proceeding.~~

## Rule 14.405.        Suspension or Revocation

**(a)  Suspension or Revocation.**  ~~A certificate issued in accordance with these rules~~Any official state-level interpreter designation or registration may be suspended or revoked. ~~for any of the following reasons:~~

**(b)  Cause.**  Any of the following may constitute cause:

(~~a~~1)  conviction of a felony or misdemeanor involving moral turpitude, dishonesty, or false statements;

(~~b~~2)  fraud, dishonesty, or corruption which is related to the functions and duties of a court interpreter;

(~~c~~3)  continued false or deceptive advertising after receipt of a cease and desist notice from the board;

(~~d~~4)  gross incompetence or unprofessional or unethical conduct;

(~~e~~5)  fraud or misrepresentation in obtaining or renewing any state-level court interpreter designation or registration;

(~~f~~6)  noncompliance with rule provisions directing completion of law-related professional interpreting assignments or continuing education requirements; or

(~~g~~7)  nonpayment of renewal or late fees.

## Rule 14.430.    Disciplinary Dispositions

**(a)  Burden of Proof.**  If the hearing panel finds that there is clear and convincing evidence that the court interpreter has violated one or more of these rules, it shall impose such discipline as it may deem appropriate, consistent with these rules.

**(b)  Vote Required; Notification.**  All decisions of the hearing panel shall be by majority vote, in writing and, if adverse to the court interpreter, shall contain factual findings supporting the decision.  A copy of the decision shall be sent to the court interpreter by certified United States mail.

**(c)  Sanctions.**  Sanctions may consist of one or more of the following:

(1)  a private reprimand;

(2)  a public reprimand;

(3)  the imposition of costs and expenses incurred by the hearing panel in connection with the proceeding, including investigative costs;

(4)  restitution;

(5)  a requirement that specified continuing education courses and/or additional law-related professional interpreting assignments be completed within a specified period of time;

(6)  a requirement that one or more parts of ~~the certified~~a court interpreter examination be successfully taken or retaken;

(7)  a limitation on the scope of practice or interpreting services;

(8)  a requirement that work be supervised;

(9)  suspension of <u>registration or</u> official state-level designation for a period not to exceed ~~one~~1 year; or

(10)  revocation of <u>registration or</u> official state-level designation.

**Rule 14.450.     Reinstatement**

A court interpreter whose <u>registration or</u> ~~certificate~~<u>official state-level designation</u> has been suspended or revoked may, at any time, apply in writing for reinstatement.  Such request shall explain why the applicant believes that he or she should be reinstated, and shall be accompanied by a renewal fee in an amount set by the board.  Whether to grant or to deny such a request shall rest in the sole and absolute discretion of the board.  The board may impose such conditions upon reinstatement as it deems appropriate.