# Supreme Court of Florida

_____

No. SC15-1594
_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION.**

[October 1, 2015]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Judicial Administration. We have jurisdiction. See art. V, § 2(a), Fla. Const.

In March 2014, the Court adopted amendments to the Florida Rules for Certification and Regulation of Spoken Language Court Interpreters (Interpreter Rules). See In re Amends. to Fla. Rules for Certif. & Regul. of Court Interpreters, 136 So. 3d 584 (Fla. 2014). Those amendments established and set out the standards for the three "designations" of court interpreters: certified, language-skilled, and provisionally approved. Id. at 585-86. The amendments also subjected undesignated interpreters working in the courts by court appointment on a regular basis to the provisions of the court interpreters' Code of Professional

Conduct and, in certain circumstances, to the disciplinary procedures for designated court interpreters.  Id. at 587.

In March 2015, the Court again adopted amendments to the Interpreter Rules.  See In re Amends. to Fla. Rules for Certif. & Regul. of Spoken Language Court Interpreters, 159 So. 3d 804 (Fla. 2015).  Those amendments contained a more inclusive definition of the phrase "court interpreter" and also provided definitions of "court," "court proceeding," and "court-related proceeding."  Id. at 804-06.  The amendments further required that all court interpreters, as newly defined, register with the Office of the State Courts Administrator and take the necessary steps toward obtaining a designation.  Id. at 804-05.  Except for the amendments implementing the registration requirement, the amendments became effective April 1, 2015.  The amendments implementing the registration requirement are effective on October 1, 2015.  Id. at 805.

Upon our request, the Court Interpreter Certification Board (Board) and the Rules of Judicial Administration Committee (Committee) have now filed a "time sensitive out-of-cycle joint report" proposing amendments to current rule 2.560 (Appointment of Interpreters for Non-English-Speaking Persons) and the addition of new rule 2.565 (Retention of Spoken Language Court Interpreters for Non-English-Speaking and Limited-English-Proficient Persons by Attorneys and Self-

Represented Litigants).  We hereby adopt the amendments and new rule as proposed.[1]

Current rule 2.560 governs the appointment of interpreters by the courts. The amendments to rule 2.560: (1) expand the rule to cover not only "non-English-speaking" but also "limited-English-proficient" litigants; (2) expressly provide a preference for the appointment first of either a certified or language skilled interpreter, whenever possible, then to provisionally approved interpreters if a certified or language skilled interpreter is not available; (3) allow, for good cause, the appointment of an interpreter who is registered with the Office of the State Court's Administrator (OSCA) if a certified, language skilled, or provisionally approved interpreter is not available; (4) permit, in exceptional circumstances, appointment of an interpreter who is neither certified, language skilled, provisionally approved, nor registered with OSCA; (5) require on the record

_____

1. The Board also filed a petition proposing amendments to the Interpreter Rules in case number SC15-1580.  See In re Amends. to Fla. Rules for Certif. & Regul. of Spoken Language Court Interpreters, No. SC15-1580 (Fla. Oct. 1, 2015). The Board explains that its proposals in SC15-1580 are "largely technical" and are aimed at clarifying existing provisions in the Interpreter Rules with regard to the registration process and the process by which individuals obtain a designation. The Board and the Committee requested that the proposed amendments in both the instant case and case number SC15-1580 be expedited in light of the October 1, 2015, effective date of the amendments to the Interpreter Rules discussed above, implementing the court reporter registration requirement.

objections to or waivers of certified, language skilled, or provisionally approved interpreter appointment in criminal and juvenile delinquency proceedings; and (6) provide definitions of the terms "limited-English-proficient person," and "proceeding."

New rule 2.565 requires attorneys and self-represented litigants to observe the same preferences when retaining interpreters for court proceedings and court-related proceedings as do the courts when appointing interpreters under rule 2.560. Similar to amended rule 2.560, it also permits, in exceptional circumstances, retention of an interpreter who is neither certified, language skilled, provisionally approved, nor otherwise registered with OSCA. The new rule requires a written declaration to substantiate good cause for the retention of an interpreter who is not certified, language skilled, provisionally approved, or registered with OSCA. The declaration must (1) swear that a diligent search has been conducted and neither a certified, language skilled, provisionally approved, nor otherwise registered interpreter is available; (2) state that to the best of the declarant's knowledge, the interpreter is competent to interpret; and (3) provide contact information for the interpreter, identify the non-English language interpreted, and state the date and nature of the interpreted event.

Because the amendments to rule 2.560 and new rule 2.565 permit, in exceptional circumstances, the appointment or retention of an interpreter who is

neither certified, language skilled, provisionally approved, nor registered with OSCA, they essentially provide an exception to the recently adopted provisions of the Interpreter Rules requiring court interpreters, prior to providing interpreter services, to become registered with the Office of the State Courts Administrator. Because that requirement is effective October 1, 2015, we make the amendments adopted herein effective immediately.

Accordingly, the Florida Rules of Judicial Administration are hereby amended as shown in the appendix to this opinion. New language is indicated by underscoring. Deleted language is shown in struck-through type. The amendments shall become effective immediately upon the release of this opinion. Additionally, because the amendments were not published for comment prior to adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before November 30, 2015, with a certificate of service verifying that a copy has been served on the Chair of the Rules of Judicial Administration Committee, Amy Singer Borman, 15th Judicial Circuit, 205 North Dixie Highway, 5th Floor, West Palm Beach, Florida 33401-4522, aborman@pbcgov.org, the Bar Staff Liaison to the Rules of Judicial Administration Committee, Krys Godwin, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, krgodwin@flabar.org, the Chair of the Court Interpreter Certification Board, the Honorable J. Kevin Abdoney, P.O. Box 900, Drawer J165, Bartow, Florida 33831-9000, kabdoney@jud10.flcourts.org, and Staff Liaison to the Board, James Calvin Goodlett, 500 S. Duval Street, Tallahassee, FL 32399, GoodletC@flcourts.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chairs have until

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration

Amy Singer Borman, Chair, Rules of Judicial Administration Committee, West Palm Beach, Florida; Judge Jon Kevin Abdoney, Chair, Court Interpreter Certification Board, Bartow, Florida; John F. Harkness, Jr., Executive Director, and Krys Godwin, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

   for Petitioner

---

December 21, 2015, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

**RULE 2.560.** **APPOINTMENT OF <u>SPOKEN LANGUAGE COURT</u> INTERPRETERS FOR NON-ENGLISH-SPEAKING <u>AND LIMITED-ENGLISH-PROFICIENT</u> PERSONS**

**(a)** **Criminal or Juvenile Delinquency Proceedings.** In any criminal or juvenile delinquency proceeding in which a non-English-speaking <u>or limited-English-proficient</u> person is the accused, an interpreter for the non-English-speaking <u>or limited-English-proficient</u> person shall be appointed. In any criminal or juvenile delinquency proceeding in which a non-English-speaking <u>or limited-English-proficient</u> person is a victim, an interpreter shall be appointed unless the court finds that the victim does not require the services of a court-appointed interpreter.

**(b)** **Other Proceedings.** In all other proceedings in which a non-English-speaking <u>or limited-English-proficient</u> person is a litigant, an interpreter for the non-English-speaking <u>or limited-English-proficient</u> litigant shall be appointed if the court determines that the litigant's inability to comprehend English deprives the litigant of an understanding of the court proceedings, that a fundamental interest is at stake (such as in a civil commitment, termination of parental rights, paternity, or dependency proceeding), and that no alternative to the appointment of an interpreter exists.

**(c)** **Witnesses.** In any proceeding in which a non-English-speaking <u>or limited-English-proficient</u> person is a witness, the appointment of an interpreter shall be governed by the applicable provisions of the Florida Evidence Code.

**(d)** **[no change]**

**(e)** **Qualifications of Interpreter.**

**(1)** **Appointment of Interpreters when Certified or <u>Other</u> Duly Qualified Interpreters Are Available.** Whenever possible, a certified or <u>other</u> duly qualified interpreter, as defined in the Rules for Certification and Regulation of <u>Spoken Language</u> Court Interpreters, shall be appointed. <u>Preference shall be given to appointment of certified and language skilled interpreters, then to persons holding a provisionally approved designation.</u>

**(2)** **Appointment of Interpreters when Certified or <u>Other</u> Duly Qualified Interpreters Are Unavailable.** If, after diligent search, a certified, ~~or~~

~~duly qualified~~<u>language skilled, or provisionally approved</u> interpreter is not available, <u>the presiding judge, magistrate, or hearing officer, finding good cause, may appoint</u> an interpreter who is ~~neither certified nor duly qualified may be appointed if the judge or hearing officer presiding over the proceeding finds that:~~ <u>otherwise registered with the Office of the State Courts Administrator in accordance with the Rules for Certification and Regulation of Spoken Language Court Interpreters. No appointment shall be made under this subdivision unless the presiding judge, magistrate, or hearing officer makes a determination, on the record, the proposed interpreter is competent to interpret in the proceedings.</u>

**(3) Appointment in Exceptional Circumstances.** <u>If after diligent search no interpreter qualifying under subdivision (e)(1) of this rule is available at the time interpreter services are needed, the presiding judge, magistrate, or hearing officer, finding</u>

<u>(A)</u> good cause exists for the appointment of an interpreter ~~who is neither certified nor duly qualified~~<u>not qualifying under subdivision (e)(1)</u>, such as the prevention of burdensome delay, the request or consent of the non-English-speaking <u>or limited-English-proficient</u> person, or other unusual circumstance~~; and~~<u>, may appoint an interpreter who is neither certified, language skilled, provisionally approved, nor otherwise registered with the Office of the State Courts Administrator. No appointment, including appointment of interpreters available via remote technology, shall be made under this subdivision unless the presiding judge, magistrate, or hearing officer finds</u>

<u>(B)</u> the proposed interpreter is competent to interpret in the proceedings. <u>This finding must be made on the record based, not only on the unavailability of an interpreter otherwise qualified in a particular language, but also on specific exigent circumstances given the demands of the case and the interpreter's sworn assertion he or she is able, either in direct or relay/intermediary interpretation, to communicate effectively in the languages in which interpreter services are required. An appointment under this subdivision shall excuse an interpreter so appointed from the registration requirements under the Rules for Certification and Regulation of Spoken Language Court Interpreters, but only for the delivery of the specific services for which the interpreter is appointed.</u>

**(3<u>4</u>) On-the-Record Objections or Waivers in Criminal and Juvenile Delinquency Proceedings.** In any criminal or juvenile delinquency proceeding in which the interpreter is ~~neither certified nor duly qualified~~<u>not appointed under subdivision (e)(1) of this rule</u>, the court shall advise the accused,

on the record, that the proposed interpreter is not certified ~~or duly qualified~~, <u>language skilled, or provisionally approved</u> pursuant to the Rules for Certification and Regulation of <u>Spoken Language</u> Court Interpreters. The accused's objection to the appointment of a proposed interpreter, or the accused's waiver of the appointment of a certified ~~or duly qualified~~, <u>language skilled, or provisionally approved</u> interpreter, shall also be on the record.

(4<u>5</u>)   **Additional on-the-Record Findings, Objections, and Waivers Required at Subsequent Proceedings.** The appointment of an interpreter who is ~~neither certified nor duly qualified~~<u>not certified, language skilled, or provisionally approved in accordance with the Rules for Certification and Regulation of Spoken Language Court Interpreters</u> shall be limited to a specific proceeding and shall not be extended to subsequent proceedings in a case without additional findings of good cause and qualification as required by subdivision (e)(2<u>3</u>) of this rule, and additional compliance with the procedures for on-the-record objections or waivers provided for in subdivision (e)(3<u>4</u>) of this rule.

**(f)     [no change]**

**(g)     <u>Definitions.</u>** <u>When used in this rule, the following terms shall have the meanings set forth below:</u>

<u>**(1)     Limited-English-Proficient Person.** A person who is unable to communicate effectively in English because the individual's primary language is not English and he or she has not developed fluency in the English language. A person with limited English proficiency may have difficulty speaking, reading, writing, or understanding English.</u>

<u>**(2)     Proceeding.** Any hearing or trial, excluding an administrative hearing or trial, presided over by a judge, general magistrate, special magistrate, or hearing officer within the state courts.</u>

**RULE 2.565.     RETENTION OF SPOKEN LANGUAGE COURT INTERPRETERS FOR NON-ENGLISH-SPEAKING AND LIMITED-ENGLISH-PROFICIENT PERSONS BY ATTORNEYS OR SELF-REPRESENTED LITIGANTS**

**(a)     Retention of Interpreters when Certified or Other Duly Qualified Interpreters Are Available.** In the absence of a requirement that a spoken language interpreter be appointed by the Court under rule 2.560, when the services of an interpreter are required to assist a non-English-speaking or limited-English-proficient litigant or witness in a court proceeding or court-related proceeding as defined in the Rules for Certification and Regulation of Spoken Language Court Interpreters, an attorney or self-represented litigant shall, whenever possible, retain a certified, language skilled or provisionally approved interpreter, as defined in the Rules for Certification and Regulation of Spoken Language Court Interpreters. Preference shall be given to retention of certified and language skilled interpreters, then to persons holding a provisionally approved designation.

**(b)     Retention of Interpreters when Certified or Other Duly Qualified Interpreters Are Unavailable.** If, after diligent search, a certified, language skilled, or provisionally approved interpreter is not available, an attorney or self-represented litigant may retain an interpreter who is otherwise registered with the Office of the State Courts Administrator in accordance with the Rules for Certification and Regulation of Spoken Language Court Interpreters.

**(c)     Retention in Exceptional Circumstances.** If, after diligent search, no interpreter qualifying under subdivision (a) or (b) of this rule is available, an attorney or self-represented litigant, for good cause, may retain an interpreter who is neither certified, language skilled, provisionally approved, nor otherwise registered with the Office of the State Courts Administrator.

**(d)     Written Declaration Substantiating Good Cause.** No interpreter shall be retained under subdivision (c) unless the attorney or a self-represented litigant states under oath or affirms in a verified writing that:

(1)     a diligent search has been conducted;

(2)     neither a certified, language skilled, provisionally approved interpreter nor an interpreter otherwise registered with the Office of the State Courts Administrator is available to interpret in person or via remote technology; and

(3)     to the best of the attorney or self-represented litigant's information and belief, the proposed interpreter is competent to interpret. In addition, the written declaration shall include the full name, mailing address, and telephone number of the proposed interpreter; the non-English language interpreted; the date of the interpreted event; and nature of the interpreted event.

**(e)     Filing and Retention of Written Declaration.** An attorney or self-represented litigant substantiating good cause under subdivision (d) shall submit via e-mail, a copy of the verified written declaration with the Court Interpreter Program Office in the Office of the State Courts Administrator. A prescribed form and dedicated e-mail address appear on the Court's website. The filer shall thereafter furnish a copy to the proposed interpreter, and shall:

(1)     file the original declaration in any pending court action or administrative action and serve a copy thereof on all other parties; or

(2)     if no action is pending at the time interpreter services are provided, retain the original declaration and serve a copy thereof on the non-English-speaking or limited-English-proficient person at the time interpreter services are provided. The declaration shall be made available to all other parties and to any state court or administrative judge, magistrate, or hearing officer upon request in any action later filed to which the interpreted event is relevant. The filing with the Office of the State Courts Administrator of a written declaration in substantial conformity with this subdivision shall excuse the proposed interpreter from the registration requirements under the Rules for Certification and Regulation of Spoken Language Interpreters for the delivery of the specific interpreter services for which certification is made.