# Supreme Court of Florida

_____

No. SC15-1580

_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES FOR CERTIFICATION AND REGULATION OF SPOKEN LANGUAGE COURT INTERPRETERS.**

[October 1, 2015]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules for Certification and Regulation of Spoken Language Court Interpreters (Interpreter Rules). We have jurisdiction. See art. V, § 2(a), Fla. Const.

In March 2014, this Court adopted amendments to the Interpreter Rules. See In re Amends. to Fla. Rules for Certif. & Regul. of Court Interpreters, 136 So. 3d 584 (Fla. 2014). Those amendments established and set out the standards for the three "designations" of court interpreters: certified, language skilled, and provisionally approved. Id. at 585-86. The amendments also subjected undesignated interpreters working in the courts by court appointment on a regular basis to the provisions of the court interpreters' Code of Professional Conduct and,

in certain circumstances, to the disciplinary procedures for designated court interpreters.  Id. at 587.

Thereafter, in March 2015, this Court again adopted amendments to the Interpreter Rules.  See In re Amends. to Fla. Rules for Certif. & Regul. of Spoken Language Court Interpreters, 159 So. 3d 804 (Fla. 2015).  Those amendments contained a more inclusive definition of the phrase "court interpreter" and an expansive definition for the phrase "court-related proceeding."  Id. at 804.  The amendments further required that all court interpreters, as newly defined, register with the Office of the State Courts Administrator and take the necessary steps toward obtaining a designation.  Id. at 804-05.

The Court Interpreter Certification Board (Board) has now submitted a petition proposing additional amendments to the Interpreter Rules.  The Board proposes amending the following rules: 14.100 (Definitions); 14.110 (Court Interpreter Certification Board); 14.200 (Registration); 14.205 (Certified Court Interpreter Designation); 14.210 (Language Skilled Designation); 14.215 (Provisionally Approved Designation); 14.220 (Waiver of Examination Requirement); 14.225 (Issuance of Certificates); 14.230 (Renewal of Certificates); 14.240 (Maintenance of Official Designation); 14.310 (Accuracy and Completeness); 14.320 (Representation of Qualifications); 14.370 (Assessing and Reporting Impediments to Performance); 14.405 (Suspension or Revocation);

14.410 (Disciplinary Procedures); and 14.450 (Reinstatement). We hereby adopt the amendments as proposed by the Board.[1]

The amendments are largely technical and are aimed at clarifying existing provisions in the Interpreter Rules. Notably, the amendments further clarify the registration process and the process by which individuals obtain a designation. The amendments clarify these processes by relocating a number of existing provisions and restructuring several of the Interpreter Rules.

Accordingly, we amend the Florida Rules for Certification and Regulation of Spoken Language Court Interpreters as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment

---

1. According to the petition, these amendments relate to amendments to the Florida Rules of Judicial Administration jointly proposed by the Board and the Rules of Judicial Administration Committee in In re Amends. to the Fla. Rules of Judicial Admin., Case No. SC15-1594 (Fla. Oct. 1, 2015). We expedited our consideration of the amendments in Case No. SC15-1594 because those amendments permit a court to use a non-registered interpreter in exceptional circumstances. Because the amendments in this case relate to the amendments in Case No. SC15-1594, we have likewise expedited our consideration of the amendments in this case.

prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Court Interpreter Certification Board Committee

Judge Jon Kevin Abdoney, Chair, Court Interpreter Certification Board, Tenth Judicial Circuit, Bartow, Florida, and James Calvin Goodlett, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

---

2. All comments must be filed with the Court on or before November 30, 2015, with a certificate of service verifying that a copy has been served on the Board chair, Honorable Kevin Abdoney, P.O. Box 9000, Drawer J-165, Bartow, Florida 33831-9000, kabdoney@jud10.flcourts.org, and on the Staff Liaison to the Board, James Calvin Goodlett, 500 S. Duval Street, Tallahassee, Florida 32399, goodlettc@flcourts.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Board chair has until December 21, 2015, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the E-Filing Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

for Petitioner

**Appendix**

**PART I.      GENERAL PROVISIONS**

**RULE 14.100.      DEFINITIONS**

The following terms have the meanings shown as used in these rules:

**(a)      Court Interpreter.**  Any person providing spoken language court interpreting services during a court or court-related proceeding, except persons performing such services without remuneration on behalf of ~~indigent~~ persons demonstrating an inability to pay in circumstances not requiring appointment of a court interpreter.

**(b)      Certified Court Interpreter.**  ~~An~~A designation reserved for interpreters who ~~has~~have completed all requirements for certification in accordance with these rules and hold~~s~~ a valid certificate issued by the Office of the State Courts Administrator.

**(c)-(g)  [NO CHANGE]**

**(h)      Court-Related Proceeding.**  Any event, including, but not limited to, a deposition, mediation, arbitration, or examination, which occurs or could be made to occur as a result of a court order, subpoena, or general law, and for which the primary purpose is the communication or exchange of information related to a claim or defense in or the settlement of a pending or impending court case. However, a law enforcement investigation which does not yet involve the participation of the prosecuting authority shall not be considered a court-related proceeding.

**(i)      Limited-English-Proficient Person.**  A person who is unable to communicate effectively in English because the individual's primary language is not English and he or she has not developed fluency in the English language.  A person with limited English proficiency may have difficulty speaking, reading, writing, or understanding English.

**(i̶j)      Board.**  The Court Interpreter Certification Board.

**(j̶k)      Compliance Period.**  The two-year period beginning upon ~~official designation as a certified, language skilled, or provisionally approved~~ issuance of a letter confirming registration or renewal of registration of a court interpreter.

6

**(k̶l̲)** **State-Certifying Examination.** A full or abbreviated board-approved oral performance examination designed to objectively measure whether a candidate possesses the minimum levels of language knowledge and fluency and interpreting skills required to perform competently during court proceedings.

**(l̶m̲)** **Written Examination.** An initial qualifying or screening examination designed to measure a candidate's literacy in English, familiarity with, and usage of, court-related terms, and/or knowledge of matters regarding interpreter ethics and related professional conduct.

**(m̶n̲)** **Full Oral Performance Examination.** An oral examination which measures language knowledge and fluency in both English and non-English languages, as well as the ability to successfully render meaning in target and source languages in simultaneous interpretation, consecutive interpretation, and sight translation of documents.

**(n̶o̲)** **Abbreviated Oral Performance Examination.** An oral examination assessing functional proficiency to competently interpret simultaneously in court from English to a non-English language, and prerequisite to which a candidate must satisfy board-approved oral proficiency interviews in both English and non-English languages.

**(o̶p̲)** **Oral Proficiency Interview.** A standardized language proficiency interview assessing functional speaking ability in both English and non-English languages.

**(p̶q̲)** **Modes of Court Interpretation.** Simultaneous interpretation, consecutive interpretation, and sight translation of documents in a court setting.

**(q̶r̲)** **Transcription.** The process of preserving audio or videotaped sound files in written form, duplicating the original, together with its translation into the target language, and, when used for evidentiary purposes, produced in dual-language format with the original and translation appearing side-by-side.

**(r̶s̲)** **Translation.** Converting a written text from one language into written text in another language.

## RULE 14.110.    COURT INTERPRETER CERTIFICATION BOARD

**(a)** **Board Composition.** The Court Interpreter Certification Board is created to supervise a process <u>encouraging certification of court interpreters</u> by

which ~~interpreters~~qualified persons may become ~~certified or otherwise duly qualified~~registered and officially designated, and in accordance with which the conduct of all ~~court-appointed~~ persons engaged in spoken language interpreting in ~~the~~ courts and court-related proceedings shall be governed. The board shall be under the supervisory authority of the Supreme Court of Florida. It shall be composed of ten persons, appointed by the chief justice, as follows:

> (1) two county court judges;
>
> (2) three circuit court judges;
>
> (3) three trial court administrators;
>
> (4) one federally certified court interpreter; and
>
> (5) one state certified court interpreter.

**(b)-(f)  [NO CHANGE]**

**(g) Fees.** The board shall have the authority to recommend to the supreme court such fees as the board may deem necessary to permit it to carry out its duties~~, including, but not limited to, orientation fees, examination fees, application fees, renewal fees, and late fees~~. ~~All s~~Such fees shall be made payable to the State of Florida and shall be non-refundable.

**(h)-(i)  [NO CHANGE]**

**PART II.   INTERPRETER REGISTRATION AND DESIGNATIONS**

**RULE 14.200.     REGISTRATION**

**(a)    [NO CHANGE]**

**(b)    General Prerequisites.** Unless otherwise provided, all applicants completing prerequisites for registration must:

> (1)-(6) [NO CHANGE]
>
> (7)    agree to diligently pursue designation as a certified, language skilled, or provisionally approved interpreter and, within the first year of any two-year registration or applicable renewal period, submit to:

8

(i)      at least 1 full oral performance examination approved by the board, or, in the event a full oral performance examination is unavailable, submit to a board-approved abbreviated oral examination and demonstrate functional speaking ability in English and a non-English language through oral proficiency interviews as a prerequisite to taking the abbreviated examination;

(ii)     at least 1 approved oral proficiency interview in English and a non-English language for which there is no state-certifying examination as an assessment of functional speaking ability; or

(iii)    at least 1 equivalent state-certifying examination in another state that is in accordance with board-approved requisites; and

(8)      [NO CHANGE]

**(c)      Renewal and Maintenance of Registration.**  Registration under this rule shall be valid for a period of 2 years.  Before any person's registration may be renewed, he or she must have completed 16 credits of continuing education through a board-approved program and comply again with subdivisions (b)(3) through (b)(7) of this rule.  The board shall provide written notice of expiring registrations at least 90 days before expiration.  Applications for renewal of registration must be accompanied by a fee in an amount set by the supreme court.:

(1)      complete 16 credits of continuing education through a board-approved program and submit an application for continuing education credit on a reporting form furnished by the board;

(2)      complete 20 law-related professional court interpreting assignments, or a lesser number of assignments totaling no fewer than 40 hours;

(3)      pay any applicable renewal fee in an amount set by the supreme court; and

(4)      if not officially designated as certified, language skilled or provisionally approved, comply again with subdivisions (b)(4), (b)(5), and (b)(7) of this rule.

Officially designated state-level court interpreters who are employed by the courts in court interpreting positions may, rather than reporting discrete law-related professional assignments, provide proof of court employment and an affidavit averring compliance with this requirement.  Court interpreters unable to complete the required professional court interpreting assignments because of a limited need

9

for interpreting services in their language or in other exceptional circumstances may be eligible, upon written request and board approval, for an extension of time or exemption.  A language skilled or provisionally approved interpreter who is granted an extension must, in lieu of a biennial renewal fee and as a condition of maintaining registration and any official state-level designation, pay a fee in an amount proportionate to the time of extension.

**(d)**     **Letters Confirming Registration and Renewal.**  Letters confirming registration and renewal of registration shall be issued to persons satisfying requirements under this rule.  Any official state-level designation held by the registered interpreter shall be noted in such letters.

**(e)**     **Approved Continuing Education.**  The board shall keep and maintain a list of approved continuing education programs.  Approval of an educational program or activity not listed shall be at the board's discretion and subject to approval on a case-by-case basis.

**(f)**     **Notification.**  The board shall notify all registered court interpreters in writing of the expiration of their registration and any corresponding official state-level designation at least 90 days before such date.  Notice shall be given by regular United States mail or via e-mail, directed to the last postal or e-mail address on file with the board.

**(g)**     **Administrative Suspension.**  Registration and any corresponding official state-level designation shall be suspended automatically upon failure to comply with requirements under rule 14.200(c), but may be reinstated upon application to the board, accompanied by payment and made within 60 days of the date of suspension.  Upon expiration of the 60-day grace period, registration and any official state-level designation shall be revoked and any request for reinstatement must be made in accordance with rule 14.450.

**(d~~h~~)**  **Administrative Revocation.**  Registration shall be automatically revoked for any person who fails to submit to at least one of the foregoing examinations within the first year of any two-year registration period, except for registrants who have previously achieved the designation of certified, language skilled, or provisionally approved ~~during a prior two-year registration period~~court interpreter.  A court interpreter whose registration is revoked under this subdivision shall not be eligible for registration for a period of 1 year following revocation and must thereafter comply with all requirements of subdivision (b) of this rule.

10

**(e~~i~~)** **Threshold Performance.** Registration may be revoked at the discretion of the board for any person who fails to attain minimum scores, in accordance with standards prescribed by the board and published in board operating procedures, on the sight translation, simultaneous interpretation, and consecutive interpretation components during a single test administration as specified under subdivision (b)(7)(i) or (b)(7)(iii), or who fails to demonstrate satisfactory functional speaking ability as prescribed by the board during an oral proficiency interview under subdivision (b)(7)(ii).

**(f~~g~~)** **Persons Holding Valid Designation Before October 1, 2015.** A person holding the designation of certified, language skilled, or provisionally approved interpreter before October 1, 2015 is deemed to be registered ~~during the time he or she holds such designation~~for the remainder of the two-year compliance period then applicable to such person. ~~Renewal of the designation of certified, language skilled, or provisionally approved interpreter shall be governed by rule 14.230.~~ Such person's registration shall expire on the date which is two years following official designation or the last renewal of such designation. Such person must thereafter renew registration under subdivision (c) of this rule.

**(g)** **~~Loss of Designation. Any certified, language skilled, or provisionally approved court interpreter whose designation expires, is suspended, or revoked shall be deemed unregistered on the 181st day following loss of designation, unless the board, in its discretion, sets a shorter period of time. Any person failing to renew registration within 181 days after loss of designation, or such lesser number of days as may be set by the board, shall cease providing interpreter services in all court and court-related proceedings.~~**

## RULE 14.205.    CERTIFIED COURT INTERPRETER DESIGNATION

**(a)** **[NO CHANGE]**

**(b)** **Requirements.** An applicant seeking designation as a certified court interpreter must:

(1)    register under provisions of rule 14.200, complying with subdivisions 14.200(a), (b)(1) through (b)(6), and (b)(8);

(2)    pass a board-approved full oral performance examination upon attaining a minimum score in accordance with standards prescribed by the board and published in board operating procedures, unless qualifying for a waiver of the examination requirement under rule 14.220; and

11

(3)    absent availability of a full oral performance examination, pass a board-approved abbreviated oral examination, attaining a minimum score in accordance with standards prescribed by the board and published in board operating procedures, and demonstrate functional speaking ability in English and a non-English language as prescribed by the board through oral proficiency interviews as a prerequisite to taking the abbreviated examination and qualifying for certification; and.

(4)    complete the process leading to designation within 2 years following the submission of an application for registration, unless extended by the board in exceptional circumstances.

**(c)    Court-Employed Interpreters.**  Applicants who are selected as employee interpreters in the state courts system for a language for which a state-certifying examination is available, but who are not certified at the time of court employment, shall become certified within 1 year of being employed in a court interpreting position. The one-year requirement may be modified by the board on a case-by-case basis, if necessary, only in exceptional circumstances.


**RULE 14.210.    LANGUAGE SKILLED DESIGNATION**

**(a)    Preferred Appointment, Retention, and Staffing.**  The language skilled designation represents the highest qualified state-level interpreter designation next beneath full certificationfor languages for which there is currently no state-certifying examination and shall be the preferred designation over non-designated interpreters in the selection, appointment, staffing, or private retention of court interpreters in the area of the language skilled individual's linguistic expertise.

**(b)    Requirements.**  An applicant seeking designation as a language skilled court interpreter in a spoken language for which there is no state-certifying examination must:

(1)    register under provisions of rule 14.200, complying with subdivisions 14.200(a), (b)(1) through (b)(6), and (b)(8); and

(2)    pass an approved oral proficiency interview in English and a non-English language, attaining a minimum score in accordance with standards prescribed by the board and published in board operating procedures, as an assessment of functional speaking ability; and.

12

(3)   complete the process leading to designation within 2 years following submission of an application for registration, unless extended by the board in exceptional circumstances.

**(c)   Conditional Designation.** In the event a language-specific state-certifying examination becomes available, a language skilled interpreter shall be required to take and pass the certifying examination within 2 years of notice of its availability. Failure to become certified within this two-year period shall result in loss of the language skilled designation, unless the board approves an extension in exceptional circumstances.

## RULE 14.215.   PROVISIONALLY APPROVED DESIGNATION

**(a)   Preferred Appointment, Retention, and Staffing.**  The provisionally approved court interpreter designation represents the highest qualified state-level interpreter designation next below the certified and language skilled designations and shall be the preferred designation in the selection, appointment, staffing, or private retention of court interpreters when certified or language skilled interpreters are unavailable.

**(a̶b)   Requirements.**  An individual not yet certified in a spoken language for which a state-certifying examination is available, but who has taken the oral performance exam, may be designated as provisionally approved upon:

(1)   registering under provisions of rule 14.200, complying with subdivisions 14.200(a), (b)(1) through (b)(6), and (b)(8); and

(2)   attaining minimum scores on each section of the oral examination in accordance with standards prescribed by the board and published in board operating procedures; and.

(3)   completing the process leading to designation within 2 years following submission of an application for registration, unless extended by the board in exceptional circumstances.

**(b̶c)   Loss of Designation.**  Following designation as a provisionally approved interpreter, if the interpreter fails to become certified within 2 years, or within 1 year if the individual is employed in a court interpreting position, the interpreter will forfeit the designation unless the board approves an extension in exceptional circumstances.

13

**RULE 14.220.     WAIVER OF EXAMINATION REQUIREMENT**

**(a)     Federal Certification.**  Upon presentation of proof satisfactory to the board, the oral performance examination requirement shall be waived for anyone holding a federal courts certificate which is issued by the Administrative Office of the United States Courts and whose name appears on the registry of federally certified interpreters.  No other component of certification <u>or registration</u> is waived by this rule.

**(b)     [NO CHANGE]**


**RULE 14.225.     ISSUANCE OF CERTIFICATES**

Upon satisfactory completion of the specified requirements, the board shall issue a certificate for each official designation which shall include a designation number<u>,</u> ~~and~~ date of issue<u>, and date of expiration</u>.  <u>A certificate issued under this rule shall expire on the same date that the officially designated interpreter's registration expires.</u>  ~~Letters confirming registration shall be issued to persons satisfying~~<u>Registrations shall be renewed, as applicable, upon satisfaction of renewal</u> requirements under rule 14.200<u>(c)</u>.  <u>Certificates for certified and language skilled interpreters shall be reissued upon renewal of registration.</u>


~~**RULE 14.230.     RENEWAL OF CERTIFICATES**~~

~~**(a)     Renewal.**  Once issued, the certificate for a certified court interpreter shall remain renewable unless suspended or revoked by the board.  The language skilled designation may also be renewed conditioned upon continued unavailability of a state-certifying examination in the language for which this designation has been granted.  Absent an extension of time granted only in exceptional circumstances, failure to become certified within 2 years, or 1 year for anyone employed in a court interpreting position, will result in forfeiture of a provisionally approved designation.  Renewal of registration shall be undertaken as provided under rule 14.200(c).~~

~~**(b)     Biennial Renewal Fee.**  Each certified and language skilled court interpreter shall pay a biennial renewal fee in an amount set by the supreme court.  A certificate shall be suspended automatically upon non-payment, but shall be reinstated upon application to the board, accompanied by payment and made within 60 days of the date of suspension.  Upon expiration of the 60-day grace~~

period, any request for reinstatement must be made in accordance with rule 14.450.

(c)   **Notification.**  The board shall notify all certified, language skilled, and provisionally approved court interpreters in writing of the expiration date of their certificates at least 90 days before such date.  Notice shall be given by regular United States mail, directed to the last mailing address on file with the board.

(d)   **Continued Status in Exceptional Circumstances.**  If the board determines exceptional circumstances warrant an extension of time within which a language skilled or provisionally approved interpreter may obtain certification, the interpreter will not forfeit the respective designation during the period of extension.  A language skilled or provisionally approved interpreter who is granted an extension must, in lieu of a biennial renewal fee and as a condition of maintaining formal designation, pay a fee in an amount proportionate to the time of extension.

# RULE 14.240.   MAINTENANCE OF OFFICIAL DESIGNATION

(a)   **Assignments.**  Each certified, language skilled, and provisionally approved court interpreter shall complete 20 law-related professional interpreting assignments, or a lesser number of assignments totaling no fewer than 40 hours, every two-year compliance period. Interpreters unable to complete this requirement because of a limited need for interpreting services in their language may be eligible, upon written request and board approval, for an extension of time or exemption.  Officially designated state-level court interpreters who are employed by the courts in court interpreting positions may, in lieu of reporting discrete law-related professional assignments, provide proof of court employment and an affidavit averring compliance with this requirement.

(b)   **Continuing Education.**  Each certified, language skilled, and provisionally approved court interpreter shall earn 16 continuing education credits every two-year compliance period.  Application for approval of continuing education credit shall be made in writing on a continuing education reporting form furnished by the board.  Certified and language skilled interpreters renewing official designation shall return completed forms to the board with submission of renewal fees.  Provisionally approved interpreters shall submit continuing education reporting forms to the board with applications for certification.

(c)   **Approved Programs.**  The board shall keep and maintain a list of approved continuing education programs.  Approval of an educational program or

~~activity not listed shall be at the board's discretion and subject to approval on a case-by-case basis.~~

# PART III.   CODE OF PROFESSIONAL CONDUCT

## RULE 14.310.      ACCURACY AND COMPLETENESS

[NO CHANGE]

### Committee Notes

The interpreter has a twofold duty: (1) to ensure that the proceedings in English reflect precisely what was said by a non-English speaking person, and (2) to place the non-English speaking person on an equal footing with those who understand English. This creates an obligation to conserve every element of information contained in a source language communication when it is rendered in the target language.

Therefore, interpreters are obligated to apply their best skills and judgment to preserve faithfully the meaning of what is said in court, including the style or register of speech. Verbatim, "word for word" or literal oral interpretations are not appropriate when they distort the meaning of the source language, but every spoken statement, even if it appears nonresponsive, obscene, rambling, or incoherent should be interpreted. This includes apparent misstatements and ambiguities.

Interpreters should never interject their own words, phrases, or expressions. If the need arises to explain an interpreting problem (for example, a term or phrase with no direct equivalent in the target language or a misunderstanding that only the interpreter can clarify), the interpreter should ask the court's permission to provide an explanation. Interpreters should convey the emotional emphasis of the speaker without reenacting or mimicking the speaker's emotions, or dramatic gestures. ~~Sign language interpreters, however, must employ all of the visual cues that the language they are interpreting for requires, including facial expressions, body language, and hand gestures. Sign language interpreters, therefore, should ensure that court participants do not confuse these essential elements of the interpreted language with inappropriate interpreter conduct.~~

The obligation to preserve accuracy includes the interpreter's duty to correct any error of interpretation discovered by the interpreter during the proceeding. Interpreters should demonstrate their professionalism by objectively analyzing any

16

challenge to their performance.

## RULE 14.320.  REPRESENTATION OF QUALIFICATIONS

Interpreters shall accurately and completely represent their registrations, ~~certifications~~ official state-level interpreter designations, other certifications, training, and pertinent experience.

**Committee Notes**

[NO CHANGE]

## RULE 14.370.  ASSESSING AND REPORTING IMPEDIMENTS TO PERFORMANCE

[NO CHANGE]

**Committee Notes**

If the communications mode or language of the non-English speaking person cannot be readily interpreted, the interpreter must immediately notify the appropriate judicial authority.

Interpreters should notify the appropriate judicial authority of any environmental or physical limitation that impedes or hinders their ability to deliver interpreting services adequately (for example, the court room is not quiet enough for the interpreter to hear or be heard by the non-English speaker, more than one person at a time is speaking, or principals or witnesses of the court are speaking at a rate of speed that is too rapid for the interpreter to adequately interpret). ~~Sign language interpreters must ensure that they can both see and convey the full range of visual language elements that are necessary for communication, including facial expressions and body movement, as well as hand gestures.~~

Interpreters should notify the presiding officer of the need to take periodic breaks to maintain mental and physical alertness and prevent interpreter fatigue. Interpreters should recommend and encourage the use of team interpreting whenever necessary.

Interpreters are encouraged to make inquiries as to the nature of a case whenever possible before accepting an assignment. This enables interpreters to match more closely their professional qualifications, skills, and experience to potential assignments and more accurately assess their ability to satisfy those

17

assignments competently. Even competent and experienced interpreters may encounter cases where routine proceedings suddenly involve technical or specialized terminology unfamiliar to the interpreter (for example, the unscheduled testimony of an expert witness). When such instances occur, interpreters should request a brief recess to familiarize themselves with the subject matter. If familiarity with the terminology requires extensive research, interpreters must inform the presiding officer.

Interpreters should refrain from accepting a case if they feel the language and subject matter of that case are likely to exceed their skills or capacities. Interpreters should feel no compunction about notifying the presiding officer if they feel unable to perform competently, due to lack of familiarity with terminology, preparation, or difficulty in understanding a witness or defendant. Because of the difficulty in translating sound recordings, the practice of doing so in court should be discouraged at all times. In certain instances, the presiding officer will order the interpreter to translate in court an audio recording. In such case, the interpreter should do it, but should state on the record that he or she cannot certify the accuracy of the translation.

## PART IV.   DISCIPLINE

## RULE 14.405.      SUSPENSION OR REVOCATION

**(a)**    **[NO CHANGE]**

**(b)**    **Cause.**  Any of the following may constitute cause:

(1)-(6) [NO CHANGE]

(7)    nonpayment of ~~renewal or late~~ fees.

## RULE 14.410.      DISCIPLINARY PROCEDURES

**(a)**    **Initiation.** Disciplinary proceedings may be initiated by a standard form asserting a violation of these rules. The complaint shall be in writing under oath and filed with the Office of the State Courts Administrator. The board may initiate disciplinary proceedings on its own motion. The board shall be divided into an investigative committee and a hearing panel, ~~as established by rules of the board~~<u>in accordance with guidelines published in board operating procedures consistent with these rules</u>.

**(b)-(i)  [NO CHANGE]**


**RULE 14.450.     REINSTATEMENT**

A court interpreter whose registration or official state-level designation has been suspended or revoked may, at any time, apply in writing for reinstatement. Such request shall explain why the applicant believes that he or she should be reinstated, and shall be accompanied by a renewal fee in an amount set by the board.  ~~Whether to grant or to deny such a request shall rest in the sole and absolute discretion of the board~~Such a request shall be granted when the board determines, based upon relevant facts and circumstances, good cause exists warranting reinstatement.  The board may impose such reasonable conditions upon reinstatement as it deems appropriate.