PER CURIAM.
The Court Interpreter Certification Board has filed a petition asking this Court to consider amendments to the Florida Rules for Certification and Regulation of Court Interpreters. We have jurisdiction. See art. V, § 2(a), Fla. Const. We adopt the proposed amendments as submitted.
BACKGROUND
This Court adopted the Florida Rules for Certification and Regulation of Court Interpreters in 2006.[1] In adopting the rules, we created the Court Interpreter Certification Board, defined its functions and powers, and established the court interpreter certification program. The purpose of these rules is to provide “a reliable certification program” for the state court system so that persons “who may be disadvantaged by a language barrier” may receive the assistance needed to “fully participative] in the judicial process.”[2]
In its petition, the Court Interpreter Certification Board (Board) states that since its authorization in 2006, the court interpreter program has made substantial progress toward the goal of eliminating language barriers in the courts. However, the Board seeks amendments to the rules to strengthen the program and better equip the courts to provide effective interpreting services and thereby give equal access and full participation to persons affected by language barriers.
As adopted in 2006, the Rules for Certification and Regulation of Court Interpreters (Court Interpreter Rules) established two levels of expertise for foreign language interpreters working in the courts: (1) “certified” interpreters and (2) “duly qualified” interpreters.[3] To become a certified interpreter, an applicant was required to attend a training program offered by the Office of the State Courts Administrator (OSCA); pass a written examination; pass an oral proficiency examination unless the applicant had already passed an equivalent exam in another state or held a certificate from the federal court system; take an oath to uphold the code of conduct for court interpreters; undergo a background check if required by the Board; and comply with continuing education requirements.[4] To be designated a “duly qualified interpreter,” an applicant was required to obtain a passing grade on an examination, attend the OSCA training program, be “familiar with” the court interpreters’ code of conduct, and have “an understanding of basic legal terminology in both languages.”[5]
*585 According to a comprehensive study undertaken by the Supreme Court Commission on Trial Court Performance and Accountability (Commission),[6] the current certification program needs improvement. The Commission’s critique can be summarized as follows: (1) there is inadequate incentive for interpreters to obtain certification; (2) the qualifications needed to be considered “duly qualified” are insufficient; and (3) the differing levels of qualifications needed for the two categories have created a double standard under which certified interpreters are required to meet rigorous standards and “duly qualified” interpreters are not. The Commission recommended that the court interpreter program be modified to (1) encourage court interpreters to become certified; (2) strengthen the provision of interpreting services in the courts; (3) help judges select the most qualified interpreters available for service in court proceedings; and (4) eliminate the disparity in the qualifications interpreters are required to possess to perform interpreting services in the courts.
The Board agrees with the Commission’s critique of the existing court interpreter rules and is proposing the instant amendments in order to strengthen court interpreting services. One specific problem identified by the Board is that too often uncertified interpreters are providing services in the court system under the designation “duly qualified,” and there is no provision by law or court rule that expresses a preference for certified over “duly qualified” interpreters.[7] To remedy this and related deficiencies, the Board proposes that we revamp the certification program.
The centerpiece of the Board’s proposal is the creation of three “designations” of interpreters recognized as qualified to provide interpreting services in the courts instead of the current two-tiered classification system. And instead of the current system in which a “duly qualified” interpreter can keep that designation indefinitely, the proposed new classification system will include the expectation that interpreters will progress from lower to higher levels of expertise so that the overall quality of interpreting services available to the courts will improve. We adopt the amendments as proposed.
AMENDMENTS
The amendments include changing the name of this body of rules to the “Florida Rules for Certification and Regulation of Spoken Language Court Interpreters.” (The emphasized words are being added.) This amendment will limit and clarify the scope of this body of rules.
In part I of the rules, rule 14.100 is amended to provide definitions of the three “designations” or categories of court interpreters recognized under the new rules and also definitions of terms used in the new system of more rigorous testing and qualifications for designated interpreters. Also in part I, rule 14.110 is amended to change the composition of the Board and to revise the provisions on the powers and duties of the Board.
The three “designations” of interpreters are: (1) certified court interpreter; (2) *586 language-skilled interpreter; and (3) provisionally approved interpreter. The certified court interpreter designation signifies the highest level of expertise. The language-skilled interpreter designation signifies an interpreter who has reached the same level of proficiency as a certified interpreter but is expert in a language for which there is no state certification exam. The provisionally approved interpreter designation is for the entry-level, minimally qualified interpreter. Under the amended rules, when a state certification exam for a particular language becomes available, a language-skilled interpreter is required to take and pass the exam to become certified within two years. A provisionally approved interpreter is also required to complete the process of becoming certified within two years. The term “duly qualified interpreter” is redefined to mean a certified court interpreter, a language-skilled interpreter, or, if no certified or language-skilled interpreter is available, a provisionally approved interpreter. Thus the term “duly qualified interpreter” can mean any of the three recognized designations but includes a provisionally approved interpreter only if neither a certified nor a language-skilled interpreter is available.
In part II of the rules, the amendments set out the qualifications required for attaining each of the three designations. Under the amendments to rule 14.200, all applicants for designation must attend a two-day training program presented by OSCA or an approved training provider; pass a written exam; document twenty hours of courtroom observation; take an oath to uphold the court interpreters’ code of conduct; pass a background check administered by the Board under published board operating procedures; agree to earn sixteen credits of continuing education; and pay an application fee.
New rule 14.205 provides the requirements for certified court interpreters. In addition to the basic requirements applicable to all three designations, applicants for the designation of “certified court interpreter” must pass an oral performance exam (unless entitled to a waiver based on certification in the federal courts or passage of an exam in another state with equivalent requirements) or, when a full performance exam is not available in the applicant’s language of expertise, oral proficiency interviews to demonstrate functional speaking ability in English and the applicant’s non-English language, followed by an abbreviated oral exam.
New rule 14.215 provides the criteria for language-skilled interpreters. “Language-skilled” is the designation given to court interpreters who are skilled in a language for which no state certification examination is available. In addition to the basic requirements applicable to all three designations, applicants for the “language-skilled” designation must pass an oral proficiency interview to demonstrate functional speaking ability in English and the applicant’s non-English language. A language-skilled interpreter must pass a state certification exam within two years of the exam becoming available.
Revised rule 14.220 provides the requirements for provisionally approved interpreters. To hold this designation an applicant must meet the general requirements applicable to all interpreters and make an overall score of sixty-five percent on the oral performance exam and no less than sixty percent on each section, and must complete these requirements within two years of the initial OSCA training seminar. Persons holding the “provisionally approved” designation must then complete the requirements for certification within two years of being provisionally ap *587 proved unless granted an extension by the Board in exceptional circumstances.
The amendments to rule 14.230 address renewal of designations, and amended rule 14.240 addresses the requirements for designated interpreters to maintain their credentials, including continuing education and experience requirements. The rules specify the renewal periods and time limits, but the Board is given discretion to allow extensions of time in special circumstances, which will provide some flexibility in the application of the rules.
Part III of the rules is the Code of Professional Conduct for court interpreters. The code itself is unchanged, but rule 14.800 is amended to recognize that the code obligates not only designated interpreters but also undesignated interpreters working in the courts by court appointment in circumstances where no designated interpreters are available. This new policy is also expressed in an amendment to part IV, which provides disciplinary rules and procedures. Amended rule 14.400 gives the Board the authority to bring disciplinary action in certain circumstances against court-appointed interpreters who hold no designation from the Board if they perform interpreting services in court (due to the unavailability of a designated interpreter) on a regular or recurring basis.
Rule 14.440, which addresses confidentiality in disciplinary proceedings involving court interpreters, is amended to make it consistent with Florida Rule of Judicial Administration 2.420(c)(3)(B).
The other amendments being adopted are revisions that are necessary to make terminology consistent and otherwise adapt the existing rules to the new classification and regulatory system described above.
CONCLUSION
We express our gratitude to the Court Interpreter Certification Board for its dedication and diligence in formulating the proposals brought to us in this proceeding. We adopt the proposed rule amendments as shown in the appendix to this opinion. Additions are indicated by underlining. Deletions are shown in struck-through type. The amendments will take effect at 12:01 a.m. on May 1, 2014.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
FLORIDA RULES FOR CERTIFICATION AND REGULATION OF SPOKEN LANGUAGE COURT INTERPRETERS
PART I. GENERAL PROVISIONS
Rule 14.100. Definitions
(a) Certified Court Interpreter. An interpreter who has completed the-manda-teryall requirements as-defined ■ by- these rules- andfor certification in accordance with these rules and holds a valid certificate as a certified court-interpreter- issued by the Office of the State Courts Administrator and is named in the registry of certified-court-interpreters maintained by the Office of 'the State Courts Administra-
(b) Language Skilled. A designation reserved for interpreters who have completed all requirements in accordance with these rules, but who are seeking certification in a spoken language for which there is no state-certifying examination, such persons holding a valid certificate issued by the Office of the State Courts Administrator.
*588 (c) Provisionally Approved. A designation reserved for interpreters of spoken languages for which a state-certifying examination is available, who, although not yet certified, have passed the oral performance exam at a lesser qualifying prescribed level and hold a valid certificate issued by the Office of the State Courts Administrator.
(fed) Duly Qualified Interpreter. An interpreter who has obtained a passing grade on a written examination, who has attended-a two-day-orientation program offered-by the Office-of-the State Courts Administrator-r-who is familiar- with — Past ■III-of-these rules, and-who-has an understanding-of-basie-legal terminology in-bot-h languages is certified or language skilled, or, if a certified or language skilled interpreter is unavailable, a provisionally approved interpreter, as these terms are defined under sections (a) through (c) above.
(ee) Board. The Court Interpreter Certification Board.
(f) Compliance Period. The two-year period beginning upon official designation as a certified, language skilled, or provisionally approved court interpreter.
(dg) Court. Any county, circuit or district court of this state or the Supreme Court of Florida.
(h) State-Certifying Examination. A full or abbreviated board-approved oral performance examination designed to objectively measure whether candidates possess the minimum levels of language knowledge and fluency and interpreting skills required to perform competently during court proceedings.
(i) Written Examination. An initial qualifying or screening examination designed to measure a candidate’s literacy in English, familiarity with, and usage of, court-related terms, and/or knowledge of matters regarding interpreter ethics and related professional conduct.
Ci) Full Oral Performance Examination. An oral examination which measures language knowledge and fluency in both English and non-English languages, as well as the ability to successfully render meaning in target and source languages in simultaneous interpretation, consecutive interpretation, and sight translation of documents.
(k) Abbreviated Oral Performance Examination. An oral examination assessing functional proficiency to competently interpret simultaneously in court from English to a non-English language, and prerequisite to which candidates must satisfy board-approved oral proficiency interviews in both English and non-English languages.
(i) Oral Proficiency Interview. A standardized language proficiency interview assessing functional speaking ability in both English and non-English languages.
(m) Modes of Court Interpretation. Simultaneous interpretation, consecutive interpretation, and sight translation of documents in a court setting.
Rule 14.110. Court Interpreter Certification Board
(a) Board Composition. The Court Interpreter Certification Board is created to supervise the certificationa process by which interpreters may become certified or otherwise duly qualified, and in accordance with which the conduct of all court-appointed persons engaged in foreignspo-ken language interpreting in the courts shall be governed. The board shall be under the supervisory authority of the Supreme Court of Florida. It shall be com-prisedcomposed of ten persons, appointed by the chief justice, as follows:
(1) two county court judges;
*589 (2) three circuit court judges;
(3) three trial court administrators; and
(4) twoone federally certified court interpreters; and
(5) one state certified court interpreter.
(b)-(d) [No Change]
(e) Terms. The initial terms of the board members shall be as follows:'
(1)One year: a judicial member, a trial court administrator and an interpreter member;
(2-) -Two — years;—two judicial — members and-a-trial-cour-t-administratory-and
(3) Three years: two judicial-members? a trial court administrator and an interpreter member.
Following-the-initial-terms, ■ aAll terms shall be three years. Members shall be eligible for reappointment.
(f) Duties. The duties of the board shall include:
(1) thecertification, regulation, discipline, suspension, and revocation of certification of court interpreters;
(2) designation, regulation, and discipline of language skilled and provisionally approved court interpreters,' as well as suspension and revocation of designation upon failure to become certified within prescribed time frames;
(3) regulation and discipline of court-appointed interpreters who, although neither certified nor otherwise qualified in accordance with these rules, are permitted to provide court interpreting services when a certified, language skilled, or provisionally approved interpreter is unavailable;
(24) the authority to periodically review and adopt rules — governing—itsnew or amended board operating procedures consistent with these rules; and
(36) the authority to make recommendations to the supreme court regarding language access issues and the amendment of thesecourt rules relating to provision of spoken language court interpreting services; and
(6)performance of such other assignments relating to provision of spoken language court interpreting services as may be directed by the chief justice of the supreme court.
(g)Fees. The board shall have the authority to recommend to the supreme court such fees as the board may deem necessary to permit it to carry out its duties, including, but not limited to, orientation fees, examination fees, application fees, and renewal fees, and late fees. All such fees shall be made payable to the State of Florida and shall be non-refundable.
(h) Records; Registry. The board shall maintain records and minutes of its meetings and all other official actions. It shall also maintain a record of all continuing education hoar-s-or- credits earned by certified , language skilled, and provisionally approved court interpreters. It shall also maintain &■ registryseparate registries containing the names, addresses,-dates-:of certification,' identificationdesignation number, renewal date, and geographic areas where services are available for each officially designated court interpreter.
(i) [No Change]
PART II. INTERPRETER CERTIFICATIONDESIGNATIONS
Rule 14.200. Qualification
(a) Exclusive Designations. Individuals providing court interpreting services shall be designated certified court interpreters, language skilled, or provisionally approved upon qualifying in accordance with these rules. As a descriptive term *590 employed in relation to the provision of court interpreting services, “duly qualified” refers exclusively to those persons who are certified or language skilled, or, if a certified or language skilled interpreter is unavailable, a provisionally approved interpreter.
(b) General Prerequisites. Unless otherwise provided, Aall applicants completing prerequisites for cerfcifieationany of the three official state-level court interpreter designations must:
(al) as an initial prerequisite, attend a two-day orientation program administered by the Office of the State Courts Administrator or board-approved training provider;
(b2) pass a written examination approved by the board, which shall include an ethics component;
(e3) pass — an—oral proficiency-examination approved by the.board-unless-they qualify- for ■■ waiver--of-the-examination requirement-pursuant to rule 14.210submit an approved reporting form documenting completion of 20 hours of courtroom observation;
(44) take an oath to uphold the Code of Professional Conduct adopted in these rules;
(e5) undergo and pass a background check ifaccording to standards prescribed by the board and published in board operating procedures; -and:
(f6) agree to obtain hours orl6 credits of continuing education as-deter-mined-by the boardfrom a continuing education program approved pursuant- to-these-rulesby the board; and
(7) submit an application for certification, language skilled, or provisionally approved designation and enclose an initial application fee in an amount set by the supreme court.
Rule 14.205. Certified Court Interpreter Designation
(a) Preferred Appointment. The certified court interpreter designation represents the highest qualified state-level interpreter designation and shall be the preferred designation when selecting court-appointed interpreters, arranging for contractual interpreter services, and making staff hiring decisions.
(b) Requirements. Applicants seeking designation as a certified court interpreter must:
(1) pass a full oral performance examination approved by the board, unless qualifying for a waiver of the examination requirement under rule 14.210, or, in the event a full oral performance examination is unavailable, pass a board-approved abbreviated oral examination and demonstrate functional speaking ability in English and non-English languages through oral proficiency interviews as a prerequisite to taking the abbreviated examination and qualifying for certification;
(2) meet all general prerequisites under rule 14.200; and
(3) complete the process leading to designation within two years following the orientation required under rule 14.200(b)(1), unless extended by the board in exceptional circumstances.
(c) Court-Employed Interpreters. Applicants who are selected as employee interpreters, but who are not certified at the time of court employment, shall become certified within one year of being employed in a court interpreting position. The one-year requirement may be modified by the board on a case-by-case basis, if necessary, only in exceptional circumstances.
*591 Rule 14.210. Waiver of Examination Requirement
(a) Federal Certification. Upon presentation of proof satisfactory to the board, the oral proficiencyperformance examination requirement shall be waived for anyone holding a federal courts certifícate which is issued by the Administrative Office of the United States Courts and whose name appears on the registry of federally certified interpreters. No other component of certification is waived by this rule.
(b) Reciprocity. Upon presentation of proof satisfactory to the board, the examination requirement shall be waived for anyone who has passed an equivalent examination in another state, if in accordance with board-approved requisites.
Rule 14.215. Language Skilled Designation
(a) Preferred Appointment. The language skilled designation represents the highest qualified state-level interpreter designation next beneath full certification and shall be the preferred designation over non-designated interpreters when selecting court-appointed interpreters in the area of the language skilled individual’s linguistic expertise.
(b) Requirements. Applicants skilled in a spoken language for which there is no state-certifying examination may seek designation as language skilled interpreters upon:
(1) passing an approved oral proficiency interview in English and the non-English language as an assessment of functional speaking ability; and
(2) meeting all general prerequisites under rule 14.200,
(c) Conditional Designation. In the event a language-specific state-certifying examination becomes available, language skilled interpreters shall be required to take and pass the certifying examination within two years of notice of its availability. Failure to become certified within this two-year period shall result in loss of the language skilled designation, unless the board approves an extension in exceptional circumstances.
Rule 14.220. Issuance of CertificateP-rovisionally Approved Designation
■Upon — satisfactory—completion—of the specified-requirements, the board shall issue-a- certificate which - shall include an identification number- and date of issue. Once-issued, the certificate- shall ■ remain renewable unless suspended or revoked by the board.
(a) Requirements. Individuals not yet certified in spoken languages for which a state-certifying examination is available, but who have taken the oral performance exam, may be designated as provisionally approved upon:
(1) scoring a minimum 60 percent on each section of the oral exam and an overall 65 percent or greater;
(2) meeting all general prerequisites under rule 14.200; and
(3) completing the process leading to designation within two years following the orientation required under rule 14.200(b)(1), unless extended by the board in exceptional circumstances.
(b) Loss of Designation. Following designation as a provisionally approved interpreter, if the interpreter fails to become certified within two years, or within one year if the individual is employed in a court interpreting position, the interpreter will forfeit the designation unless the board approves an extension in exceptional circumstances.
*592 Rule 14.225. Issuance of Certificates
Upon satisfactory completion of the specified requirements, the board shall issue a certifícate for each official designation which shall include a designation number and date of issue.
Rule 14.230. Renewal of Certificates
(a) Renewal. Once issued, the certificate for certified court interpreters shall remain renewable unless suspended or revoked by the board. The, language skilled designation may also be renewed conditioned upon continued unavailability of a state-certifying examination in the language for which this designation has been granted. Absent an extension of time granted only in exceptional circumstances, failure to become certified within two years, or one year for anyone employed in a court interpreting position, will result in forfeiture of a provisionally approved designation.
(ab) Biennial Renewal Fee. Each certified and language skilled court interpreter shall pay a biennial renewal fee in an amount set by the supreme court A certificate shall be suspended automatically upon non-payment, but shall be reinstated upon application to the board, accompanied by payment and made within 60 days of the date of suspension. Upon expiration of the 60-day grace period, any request for reinstatement must be made pursuant toin accordance with rule 14.450.
(be) Notification. The board shall notify all certified, language skilled, and provisionally approved court interpreters in writing of the expiration date of their certificates at least 90 days before such date. Notice shall be given by regular United States mail, directed to the last mailing address on file with the board.
(d) Continued Status in Exceptional Circumstances. If the board determines exceptional circumstances warrant an extension of time within which a language skilled or provisionally approved interpreter may obtain certification, the interpreter will not forfeit the respective designation during the period of extension. A language skilled or provisionally approved interpreter who is granted an extension must, in lieu of a biennial renewal fee and as a condition of maintaining formal designation, pay a fee in an amount proportionate to the time of extension.
Rule 14.240. Continuing — Education-Maintenance of Official Designation
(a) Assignments. Each certified, language skilled, and provisionally approved court interpreter shall complete 20 law-related professional interpreting assignments, or a lesser number of assignments totaling no fewer than 40 hours, every two-year compliance period. Interpreters unable to complete this requirement because of a limited need for interpreting services in their language may be eligible, upon written request and board approval, for an extension of time or exemption. Officially designated state-level court interpreters who are employed by the courts in court interpreting positions may, in lieu of reporting discrete law-related professional assignments, provide proof of court employment and an affidavit averring compliance with this requirement.
(ab) RequirementContinumg Education. Each certified, language skilled, and provisionally approved court interpreter shall earn 16hours or credits of continuing education credits as determined by the board every two-years compliance period. Application for approval of thecontinuing education credit shall be made in writing on a continuing education reporting form approvedfurnished by the board. The form shall be furnished-at-the same time as notification-is-mailed, andCertified and language skilled interpreters renewing of *593 ficial designation shall completed-and returned completed forms to the board with submission ofat-the-same-time-the-renewal fees is-submittedr Provisionally approved interpreters shall submit continuing education reporting forms to the board with applications for certification.
(be) Approved Programs. The board shall keep and maintain a list of approved continuing education programs. Approval of an educational program or activity not listed shall be at the board’s discretion and subject to approval on a case-by-case basis.
PART III. CODE OF PROFESSIONAL CONDUCT
Rule 14.300. Professional Conduct
Each certified, language skilled, and provisionally approved court interpreter, as well as court-appointed individuals providing interpreting services because of the unavailability of officially designated state-level court interpreters, shall act in a professional manner in keeping with the Code of Professional Conduct as set forth herein. Failure to adhere to the Code may lead to disciplinary action. Disciplinary action is at the discretion of the board.
PART IV. DISCIPLINE
Rule 14.400. Suspension or Revocation of-Ger-tification Application
A — cer-tificate-issued pursuant to these rules.may'be suspended or-revoked-for-any of the following-reasons-:-
(a) conviction of a felony-or-misdemean- or involving — moral—turpitude, dishonesty, or false statementsf
(b) fraud) — dishonesty)—or—corruption which is related to the-functions-and duties of a court interpreter;
(e) continued-false - or deceptive-advertising-after-receipt of a cease and desist ■notice from the board;
(d) gross-incompetence or unprofessional or unethical-conducty
(«) fraud or misrepresentation in obtaining-or- renewing certification;
(f) noncompliance' with continuing- -education-requirements; or
4g) nonpayment of renewal-fees.
Each certified, language skilled, and provisionally approved court interpreter, as well as court-appointed individuals providing spoken language interpreting services on a regular or recurring basis because of the unavailability of officially designated state-level court interpreters, shall be subject to the disciplinary provisions under this part.
Disciplinary action may be undertaken against a court-appointed interpreter holding no official state-level designation only in circumstances suggesting intentional disregard for impartiality or fairness of the proceeding. A presumption of bias arises if, having been apprised of his or her role and having subsequently been cautioned by the court, an interpreter persists in altering or omitting statements made on the record or otherwise acts in a manner potentially prejudicing the proceeding.
Rule 14.405. Suspension or Revocation
A certifícate issued in accordance with these rules may be suspended or revoked for any of the following reasons:
(a) conviction of a felony or misdemean- or involving moral turpitude, dishonesty, or false statements;
(b) fraud, dishonesty, or corruption which is related to the functions and duties of a court interpreter;
*594 (c) continued false or deceptive advertising after receipt of a cease and desist notice from the board;
(d) gross incompetence or unprofessional or unethical conduct;
(e) fraud or misrepresentation in obtaining or renewing any state-level court interpreter designation;
(f) noncompliance with rule provisions directing completion of law-related professional interpreting assignments or continuing education requirements; or
(g) nonpayment of renewal or late fees.
Rule 14.410. Disciplinary Procedures
(a) [No Change]
(b) Facial Sufficiency. If a majority of the investigative committee, after an in-person or conference call meeting, finds that the allegations, if true, would constitute a violation of these rules, it shall send a copy of the complaint identifying the rule or rules alleged to have been violated to the court -interpreter by certified United States mail directed to the last mailing address on file with the board. If the complaint is found to be facially insufficient, the complaint shall be dismissed without prejudice and the complainant and interpreter shall be so notified.
(c) Response. Within 30 days of the issuance of a finding of facial sufficiency, the certified-court interpreter shall file a written response with the investigative committee. If no response is filed, the violations identified in the finding of facial sufficiency shall be deemed admitted.
(d)-(e) [No Change]
(f) Hearing Panel Review. Within 60 days after the filing of the formal charges, the hearing panel shall review the complaint, the finding of probable cause, and the response, if any, and decide whether to (i) dismiss the proceeding, (ii) issue a proposed disposition, or (iii) set a hearing. The hearing panel shall promptly send written notice of its decision to the certified-court interpreter and to the complainant by certified United States mail, return receipt requested.
(g) No Hearing Demanded. A proposed disposition issued pursuant to subdivision (f)(ii) shall become final unless the certified court interpreter demands a hearing within 30 days of the date on-which-it was issued.
(h) Hearing Demanded. If the certified-court interpreter demands a hearing in a timely manner, the hearing shall take place no less than 30 days nor more than 90 days from the date of notice pursuant to subdivision (f)(iii) or of the court interpreter’s demand pursuant to subdivision (g).
(i) Legal Representation. The certi-fiedr-court interpreter may be represented by an attorney at any stage of the proceeding. The court interpreter shall be responsible for all of his or her costs and expenses, including attom^ds fees.
Rule 14.420. Disciplinary Hearings
(a)-(c) [No Change]
(d) Hearing Procedure. At the hearing, both the hearing panel and the certified-court interpreter shall be afforded the opportunity to introduce documents and other relevant evidence, and to elicit sworn testimony.
(e) [No change]
(f) Finality of Decision; Rehearing.
Unless the certified-court interpreter files a request for rehearing within 30 days of the date of the decision, the decision shall become final without further action. If a timely request for rehearing is filed, the decision shall not become final until the request has been disposed of by written decision, a copy of which shall be sent to the certified court interpreter by certified United States mail.
*595 Rule 14.430. Disciplinary Dispositions
(a) Burden of Proof. If the hearing panel finds that there is clear and convincing evidence that the certified court interpreter has violated one or more of these rules, it shall impose such discipline as it may deem appropriate, consistent with these rules.
(b) Vote Required; Notification. All decisions of the hearing panel shall be by majority vote, in writing and, if adverse to the certified court interpreter, shall contain factual findings supporting the decision. A copy of the decision shall be sent to the certified court interpreter by certified United States mail.
(c) Sanctions. Sanctions may consist of one or more of the following:
(1) — (4) [No Change]
(5) a requirement that specified continuing education courses and/or additional law-related professional interpreting assignments be-feakea completed within a specified period of time;
(6) — (8) [No Change]
(9) suspension of certification official state-level designation for a period not to exceed done year; or
(10) revocation of certification official state-level designation.
Rule 14.440. Confidentiality of Disciplinary Proceedings
When-mdisclplinary-proceeding -is- either dismissed or results — in-a-private-reprimand, all — records of the proceedingAll complaints alleging misconduct against individuals subject to disciplinary action under these rules, including the interpreter’s response, if any, and all other records made or received as part of the complaint procedure, are exempt from public disclosure under rule 2.420(c)(3)(B), Florida Rules of Judicial Administration, and shall remain confidential until a finding of probable cause or no probable cause is established; — otherwise, all such — records-shall become-public when the hearing-panel’s decision becomes final, regardless of the outcome of any appeal.
Rule 14.450. Reinstatement
A certified court interpreter whose certificate has been suspended or revoked may, at any time, apply in writing for reinstatement. Such request shall explain why the applicant believes that he or she should be reinstated, and shall be accompanied by a renewal fee in an amount set by the board. Whether to grant or to deny such a request shall rest in the sole and absolute discretion of the board. The board may impose such conditions upon reinstatement as it deems appropriate.

. See In re Petition to Adopt Fla. Rules for Certification & Regulation of Court Interpreters, 933 So.2d 504 (Fla.2006).

. Id. at 506.

. Fla. Court Interp. R. 14.100(a) — (b).

. Fla. Court Interp. R. 14.200.

. Fla. Court Interp. R. 14.100(b).

. Supreme Court Comm’n on Trial Court Performance & Accountability, Recommendations for the Provision of Court Interpreting Services in Florida’s Trial Courts (Nov. 2010).

. See, e.g., Fla. R. Jud. Admin. 2.560 (describing circumstances in which interpreters are to be appointed); Fla. R. Jud. Admin 2.560(e) ("Whenever possible, a certified or duly qualified interpreter, as defined in the Rules for Certification and Regulation of Court Interpreters, shall be appointed.”)