# Supreme Court of Florida

_____

No. SC18-847
_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES FOR QUALIFIED AND COURT-APPOINTED PARENTING COORDINATORS.**

November 7, 2019
**<u>CORRECTED OPINION</u>**

PER CURIAM.

The Alternative Dispute Resolution Rules and Policy Committee (ADRR&P Committee or Committee) proposes amendments to Part II (Discipline) of the Rules for Qualified and Court-Appointed Parenting Coordinators.[1]  We have jurisdiction[2] and adopt the proposed amendments, with the modifications explained below.

**BACKGROUND**

_____

1.  The Committee proposes the amendments pursuant to *In re Committee on Alternative Dispute Resolution Rules and Policy*, Fla. Admin. Oder No. AOSC16-40 (June 28, 2016), which charges the Committee with proposing rules governing alternative dispute resolution, and a request from this Court.

2.  *See* art. V, § 2(a), Fla. Const.; ch. 2019-98, § 3, Laws of Fla. (adding § 61.125(11), Fla. Stat.).

In *In re Amendments to the Florida Family Law Rules of Procedure; New Rules for Qualified and Court-Appointed Parenting Coordinators*, 142 So. 3d 831 (Fla. 2014), the Court adopted the Rules for Qualified and Court-Appointed Parenting Coordinators (Parenting Coordinator Rules). As explained in that opinion,

> Part I [of the Parenting Coordinator Rules] sets forth ethical standards for parenting coordinators and reinforces the concepts of communication, negotiation, and facilitation upon which parenting coordination is based, as well as explaining the role of the parenting coordinator. . . . Part II [of the rules] addresses discipline and provides simply [in rule 15.210] that complaints alleging violations of the standards for qualified and court-appointed parenting coordinators shall be filed with the Dispute Resolution Center which shall be responsible for enforcing the standards.

*Id.* at 832. The ADRR&P Committee proposes amendments to existing rule 15.210 (Procedure) in Part II of the rules. The Committee also proposes adding new rules 15.220 through 15.370 to Part II, which will supersede and codify in the Parenting Coordinator Rules, with some changes, the disciplinary procedures for parenting coordinators that the Court originally adopted, by administrative order, as the Parenting Coordinator Discipline Operating Procedures (Operating Procedures). *See In re Parenting Coordinator Operating Procedures*, Fla. Admin. Order No. AOSC17-18 (March 13, 2017).

Before filing its rule proposals with the Court, the ADRR&P Committee published the proposals for comment and revised several of the proposals in

response to the comments the Committee received. After the Committee's proposals were filed, the Court published the proposals for comment. The Court received comments from one individual. The Committee further revised several of its proposals in response to those comments. At the request of the Court,[3] the ADRR&P Committee also filed a supplemental report addressing the Court's authority to adopt proposed rule 15.350 (Confidentiality). In the supplemental report, the Committee proposes a revised confidentiality rule, which the Committee modeled after Rule for Certification and Regulation of Spoken Language Court Interpreters 14.440 (Confidentiality of Disciplinary Proceedings). *See In re Amends. to the Fla. Rules for Certification & Regulation of Court Interpreters*, 136 So. 3d 584, 587 (Fla. 2014) (amending rule 14.440 to be consistent with Florida Rule of Judicial Administration 2.420(c)(3)(B)).

## AMENDMENTS

After considering the ADRR&P Committee's proposed amendments to the Parenting Coordinator Rules, the comments, the Committee's responses to the comments, and the Committee's supplemental report, we adopt the majority of the Committee's proposals with only minor technical revisions. However, we have modified the notice and publication requirements in proposed rules 15.290(j) and

_____

3. *See In re Amendments to the Florida Rules for Qualified and Court-Appointed Parenting Coordinators*, No. SC18-847 (Fla. order filed May 24, 2019).

15.300(k) and (l) to require the redaction of information that is "confidential under Florida Rule of Judicial Administration 2.420," which governs the confidentiality of judicial branch records.[4]

Accordingly, the Rules for Qualified and Court-Appointed Parenting Coordinators are amended as set forth in the appendix to this opinion. New language is underscored; deleted language is struck through. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately upon the release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Supreme Court Committee on Alternative Dispute Resolution Rules and Policy

Honorable Michael S. Orfinger, Chair, Committee on Alternative Dispute Resolution Rules and Policy, Daytona Beach, Florida; Honorable Rodney Smith, Past Chair, Committee on Alternative Dispute Resolution Rules and Policy,

---

4. *See* Fla. R. Jud. Admin. 2.420(a) (providing that rule 2.420 governs public access to and the protection of judicial branch records); 2.420(c) (listing the judicial branch records that are confidential and exempt from the public's right of access under article I, section 24(a) of the Florida Constitution).

Miami, Florida; and Juan R. Collins, Senior Attorney, Dispute Resolution Center, Tallahassee, Florida,

    for Petitioner

Valorie Hoppenworth, Tallahassee, Florida,

    Responding with comments

**APPENDIX**

**FLORIDA RULES FOR QUALIFIED AND COURT-APPOINTED
PARENTING COORDINATORS**

**PART II. DISCIPLINE**

**RULE 15.210. ~~PROCEDURE~~SCOPE AND PURPOSE**

~~Any complaint alleging violations of the Rules For Qualified And Court-Appointed Parenting Coordinators, Part I: STANDARDS, shall be filed with the Dispute Resolution Center which shall be responsible for enforcing these Standards.~~The purpose of these disciplinary rules is to provide a means for enforcing the Florida Rules for Qualified and Court-Appointed Parenting Coordinators (rules). These rules apply to all proceedings before rules violation complaint committees and hearing panels of the Parenting Coordinator Review Board (PCRB) involving the discipline of qualified parenting coordinators and court-appointed parenting coordinators. The PCRB shall be responsible for the enforcement of these rules, with the exception of rule 15.220, Responsibilities of Chief Judge, and rule 15.370, Chief Judge Review.

**RULE 15.220. RESPONSIBILITIES OF CHIEF JUDGE**

The chief judge or the judge's designee in each judicial circuit shall have responsibility for:

**(a)** the qualification and disqualification of parenting coordinators;

**(b)** any disciplinary proceedings regarding:

**(1)** a qualified parenting coordinator's failure to continue to meet the minimum qualifications in section 61.125, Florida Statutes;

**(2)** a qualified parenting coordinator experiencing any of the disqualifying circumstances described in section 61.125, Florida Statutes; and

**(3)** any failure of a qualified parenting coordinator to immediately report to the court and the parties the occurrence of (a) or (b) above; and

**(c)** review of the decision of a hearing panel as provided in rule 15.370, Chief Judge Review.

## RULE 15.230.    ADMINISTRATIVE RESPONSIBILITY

Administrative responsibility for implementation of the disciplinary procedures in the Rules for Qualified and Court-Appointed Parenting Coordinators shall be with the Dispute Resolution Center of the Office of the State Courts Administrator (DRC).

## RULE 15.240.    PRIVILEGE TO SERVE

The privilege to serve as a parenting coordinator is conditional, confers no vested right, and is revocable for cause.

## RULE 15.250.    DEFINITIONS

**(a)** **Court-Appointed.** Being appointed by the court as the parenting coordinator.

**(b)** **DRC.** The Dispute Resolution Center of the Office of the State Courts Administrator.

**(c)** **File.** To file is to deliver to the office of the DRC of the Office of the State Courts Administrator pleadings, motions, instruments, and other papers for preservation and reference.

**(d)** **Investigator.** An individual qualified by experience to investigate complaints. An investigator may be a qualified parenting coordinator, Florida Bar member in good standing, or other qualified individual retained by the DRC at the direction of a rule violation complaint committee (RVCC) to conduct an investigation.

**(e)    Panel.**  Three members of the PCRB selected by the DRC who did not serve on the RVCC to adjudicate the formal charges associated with a rule violation complaint.

**(f)    Panel Adviser.**  A member of The Florida Bar in good standing retained by the DRC to assist a panel in performing its functions during a hearing.  A panel adviser provides only procedural advice, is in attendance at the hearing, and is not part of the panel's private deliberations.  A panel adviser may not sit in on deliberations but may be called into the deliberations in order to answer procedural questions, and is authorized to draft the decision and opinion of the panel.

**(g)    PCRB.**  The Parenting Coordinator Review Board.

**(h)    Prosecutor.**  An active member of The Florida Bar in good standing retained by the DRC to prosecute a complaint before a hearing panel.  The prosecutor is authorized to: perform additional investigation to prepare the case; negotiate a consent to charges and an agreement to the imposition of sanctions to be presented to the panel prior to the hearing; to fully prosecute the case at the hearing; and represent the PCRB or DRC at post hearing proceedings.

**(i)    Qualified.**  Meeting the requirements specified in the Florida Statutes.

**(j)    Rule Violation Complaint.**  Formal submission of an alleged violation(s) of the Florida Rules for Qualified and Court-Appointed Parenting Coordinators.  A complaint may originate from any person or from the DRC.

**(k)    Rule Violation Complaint Committee or RVCC.**  Three members of the PCRB selected by the DRC by rotation to conduct the investigation and disposition of any rule violation complaint.

## RULE 15.260.    PARENTING COORDINATOR REVIEW BOARD

**(a)    Generally.**  The PCRB shall be composed of 20 individuals selected based on the following criteria:

   **(1)    Judges:**  6 circuit, family or county judges with no disciplinary history during the ten years prior to the date of submitting their application to serve as a member of the PCRB.

   **(2)    Parenting coordinators:**  10 qualified parenting coordinators from professions eligible to be qualified parenting coordinators under section 61.125,

Florida Statutes, with no disciplinary history during the ten years prior to the date of submitting their application to serve as a member of the PCRB, at least 5 of whom are non-attorney parenting coordinators. In the event there are not enough qualified applicants for the non-attorney parenting coordinator seats from whom to choose, the chief justice may appoint attorney parenting coordinator applicants to fill the seats as necessary.

**(3)    Attorneys:**  4 attorneys licensed to practice law in Florida for at least 3 years who have or had a substantial family practice and are neither qualified as parenting coordinators nor judicial officers during their terms of service on the PCRB, but who have knowledge of and experience with parenting coordination practice, statutes, and procedures. These attorneys must be members in good standing of The Florida Bar with no disciplinary history during the ten years prior to the date of submitting his or her application to serve as a member of the PCRB.

**(b)    Appointment and Term.**  Eligible persons shall be appointed to the PCRB by the chief justice of the Supreme Court of Florida for a period of 4 years. No member of the PCRB shall serve more than 3 terms. The term of any member serving on a committee or panel may continue until the final disposition of their service on a case.

**(c)    Duty to Notify**.  In the event a PCRB member is disciplined, suspended, or disqualified as a parenting coordinator, or is disciplined, suspended, or disbarred by any professional licensing organization of which he or she is a member, the PCRB member shall report such information to the DRC in writing within 10 days of the discipline, suspension, disqualification, or disbarment.

**(d)    Rule Violation Complaint Committee (RVCC).**  Each RVCC shall be composed of 3 members of the PCRB selected by the DRC on a rotation basis. RVCCs are assigned to a single case; however, a RVCC may be assigned to related cases to be disposed of collectively as is deemed appropriate by the Chief of Alternative Dispute Resolution. A RVCC shall disband after the disposition of the case(s) to which it is assigned. Each RVCC shall be composed of:

**(1)**    1 judge or attorney, who shall act as the chair of the RVCC; and

**(2)**    2 qualified parenting coordinators from different regulatory backgrounds, if feasible.

**(e)    Panels.**  Each panel shall be composed of 3 members of the PCRB selected by the DRC on a rotation basis. No member of a panel shall have served on the

RVCC for the same case(s).  A panel may be assigned to more than 1 unrelated case and may be assigned to related cases to be disposed of collectively as is deemed appropriate by the Chief of Alternative Dispute Resolution.  A panel shall disband after disposing of all cases to which it is assigned.  Each panel shall be composed of:

    **(1)**    1 judge, who shall serve as the chair;

    **(2)**    1 qualified parenting coordinator; and

    **(3)**    1 attorney who shall serve as vice-chair.  The vice-chair shall act as the chair of the panel in the event of the unavailability of the chair.

**(f)**    **Decision making.**  For all RVCCs and panels, while unanimity is the preferred method of decision making, a majority vote shall control.

## RULE 15.270.    JURISDICTION AND POWERS

**(a)**    **RVCC.**  Each RVCC shall have such jurisdiction and powers as are necessary to conduct the proper and speedy investigation and disposition of any complaint.  The judge or attorney chairing the RVCC shall have the power to compel:

    **(1)**    the attendance of any person at a RVCC meeting;

    **(2)**    any person to give statements, testimony, and depositions; and

    **(3)**    production of documents, records, and other evidence;

The RVCC shall perform its investigatory function and have concomitant power to resolve cases prior to panel referral.

**(b)**    **Panel.**  Each panel shall have such jurisdiction and powers as are necessary to conduct the proper and speedy adjudication and disposition of any proceeding before it.  The panel shall perform the adjudicatory function, but shall not have any investigatory functions.  The chair of a panel shall have the power to:

    **(1)**    compel the attendance of witnesses;

    **(2)**    issue subpoenas to compel the depositions of witnesses;

    **(3)**    order the production of records or other documentary evidence;

    **(4)**    hold anyone in contempt prior to and during the hearing;

**(5)**     implement procedures during the hearing;

**(6)**     determine admissibility of evidence; and

**(7)**     decide motions prior to, during or subsequent to the hearing if related to the hearing.

**(c)**     The vice-chair of a panel, upon the unavailability of the chair, is authorized to issue subpoenas or order the production of records or other documentary evidence.


## RULE 15.280.     CONTEMPT PROCESS

**(a)     General.**  Should any person fail, without justification, to respond to the lawful subpoena of a RVCC or, having responded, fail or refuse to answer all inquiries or to turn over evidence that has been lawfully subpoenaed, or should any person be guilty of disorderly conduct, that person may be found to be in contempt.

**(b)     RVCC and Panel Contempt.** The chair of an RVCC or panel may hear any motions filed either before or during a RVCC meeting or panel hearing or hold any person in contempt for conduct occurring during the RVCC meeting or panel hearing.

### Committee Notes

The chair of RVCC or panel shall file the order of contempt in the local court for enforcement.  The order of contempt shall state the specific failure on the part of the person, or the specific disorderly or contemptuous act which formed the basis of the contempt.  The circuit court shall issue such orders and judgments as the court deems appropriate.


## RULE 15.290.     RULE VIOLATION COMPLAINT PROCESS

**(a)     Initiation of Complaint.**  Any individual or the DRC may file a complaint alleging that a parenting coordinator has violated one or more provisions of the rules.  The complaint from an individual shall be written, sworn to under oath and notarized using a form supplied by the DRC.  A complaint initiated by the DRC need not be sworn nor notarized, but shall be signed by the Chief of Alternative

Dispute Resolution or DRC staff attorney, if any. The complaint shall state with particularity the specific facts and details that form the basis of the complaint.

**(b)     Filing of Complaint.**  The complaint shall be filed with the DRC. Once received by the DRC, the complaint shall be stamped with the date of receipt.

**(c)     Assignment to a Rules Violation Complaint Committee (RVCC).**  Upon receipt of a complaint, the DRC shall assign the complaint to a RVCC within a reasonable period of time. The RVCC shall be informed of the parenting coordinator's prior sanctions history. Within 10 days after the receipt of a complaint from an individual, the DRC shall send a notification of the receipt of the complaint to the complainant.

**(d)     Facial Sufficiency Determination.**  The RVCC shall convene by conference call to determine whether the allegation(s), if true, would constitute a violation of the rules.

        **(1)**     If the RVCC finds a complaint against a parenting coordinator to be facially insufficient, the complaint shall be dismissed without prejudice and the complainant shall be so notified and given an opportunity to re-file within a 20 day-time period from date of notification. No complainant whose complaint is dismissed without prejudice pursuant to this section shall be permitted more than 1 additional filing to establish facial sufficiency.

        **(2)**     If the complaint is found to be facially sufficient, the RVCC shall prepare a list of any rule or rules which may have been violated and shall submit same to the DRC.

**(e)     Service.**  Upon the finding of facial sufficiency of a complaint, the DRC shall serve on the parenting coordinator a copy of the list of alleged rule violation(s), a copy of the complaint, and a link to an electronic copy of the rules which were in effect at the time of the alleged violation. Service on the parenting coordinator shall be made either electronically or by certified mail addressed to the parenting coordinator's physical or e-mail address on file with the circuit in which the parenting coordinator is qualified.

**(f)     Response.**  Within 20 days of the receipt of the list of alleged rule violation(s) and the complaint, the parenting coordinator shall file a written response sworn under oath with the DRC. Unless extended in writing by the DRC, if the parenting coordinator does not file a response within the 20-day time frame, the allegations shall be deemed admitted and the matter may be referred to a panel.

**(g)     Withdrawal of Appointment or Disqualification.**  The disqualification of or withdrawal from a court-appointment by a parenting coordinator after the filing of a complaint does not result in the loss of jurisdiction by the PCRB.

**(h)     Investigation.**  The RVCC, after review of the complaint and either before or after the response, may direct the DRC to appoint an investigator to assist the RVCC in any of its functions.  The RVCC, or any member or members thereof, may also conduct an investigation if authorized by the RVCC chair.  Any investigation may include meeting with the parenting coordinator, the complainant or any other person.

**(i)     RVCC Meeting with the Complainant and Parenting Coordinator.**  Notwithstanding any other provision in these procedures, at any time while the RVCC has jurisdiction, it may meet or communicate with the complainant and the parenting coordinator, jointly or separately, in an effort to resolve the matter.  This resolution may include sanctions as set forth in rule 15.320, if agreed to by the parenting coordinator.  If sanctions are accepted, all relevant documentation shall be forwarded to the DRC.  Such meetings may be in person, by teleconference, or other communication method, at the discretion of the RVCC and authorization by the DRC.

**(j)     Notice and Publication.**  Any consensual resolution agreement which includes sanctions shall be distributed by the DRC to all circuits through the chief judges, all trial and appellate court administrators, and the ADR directors; it shall also be published on the DRC page of the Florida Courts website with the rule or rules listed as violated, and a copy of the agreement.  Any information in the agreement which is otherwise confidential under Florida Rule of Judicial Administration 2.420 shall be redacted.

**(k)     Review.**  If no other disposition has occurred, the RVCC shall review the complaint, the response, and any investigative report, including any underlying documentation, to determine whether there is probable cause to believe that the alleged misconduct occurred and would constitute a violation of the rules.

**(l)     No Probable Cause.**  If the RVCC finds no probable cause, it shall dismiss the complaint with prejudice and so advise the complainant and the parenting coordinator in writing.  Such decision shall be final.

**(m)     Probable Cause Found.**  If the RVCC finds that probable cause exists, it may:

**(1)** order the drafting of formal charges and forward such charges to the DRC for assignment to a panel; or

**(2)** decide not to proceed with the case by filing an order of non-referral containing a short and plain statement of the rules for which probable cause was found and the reason or reasons for non-referral, and so advise the complainant and the parenting coordinator in writing.

**(n)** **Formal Charges and Counsel.** If the RVCC finds probable cause that the parenting coordinator has violated 1 or more of the rules, the RVCC may order the drafting of formal charges and forward such charges to the DRC for assignment to a panel. The charges shall include a statement of the matters asserted in the complaint relevant to the finding of rules violations, any additional information relevant to the finding of rules violations, and references to the particular sections of the rules violated. The formal charges shall be signed by the chair of the RVCC or in the alternative, by the other 2 members of the RVCC. At the request of the RVCC, the DRC may retain a member in good standing of The Florida Bar to conduct such additional investigations as necessary and draft the formal charges.

**(o)** **Dismissal.** Upon the filing of a stipulation of dismissal signed by the complainant with the concurrence of the RVCC, which may withhold concurrence, the complaint shall be dismissed with prejudice.


## RULE 15.300.    HEARING PANEL PROCEDURES


**(a)** **Notification of Formal Charges.** Upon the referral of formal charges to the DRC from a RVCC, the DRC shall promptly send a copy of the formal charges to the parenting coordinator and complainant by certified mail, return receipt requested.

**(b)** **Prosecutor.** Upon the referral of formal charges, the DRC shall retain the services of a prosecutor.

**(c)** **Panel Adviser.** After the referral of formal charges, the DRC may retain the services of a panel adviser.

**(d)** **Assignment to Panel.** After the referral of formal charges to the DRC, the DRC shall send to the complainant and the parenting coordinator a notice of

assignment of the case to a panel.  No member of the RVCC that referred the formal charges shall serve as a member of the panel.

**(e)     Assignment of Related Cases.**  If the DRC assigns related cases to a panel for a single hearing, any party to those cases may make a motion for severance which shall be heard by the chair of the panel.

**(f)     Time of the Hearing.**  Absent stipulation of the parenting coordinator and the PCRB or good cause, the DRC shall set the hearing for a date not more than 120 days nor less than 30 days from the date of the notice of assignment of the case to the panel.  Within 10 days of the scheduling of the hearing, a notice of hearing shall be sent by certified mail to the parenting coordinator and his or her attorney, if any.

**(g)     Admission to Charges.**  At any time prior to the hearing, the panel may accept an admission to any or all charges and impose sanctions upon the parenting coordinator.  The panel shall not be required to meet in person to accept any such admission and imposition of sanctions.

**(h)     Dismissal by Stipulation.**  Upon the filing of a stipulation of dismissal signed by the complainant, the prosecutor and with the concurrence of the panel, the case shall be dismissed with prejudice.  Upon dismissal, the panel shall promptly forward a copy of the dismissal order to the DRC.

**(i)     Procedures for Hearing.**  The procedures for a hearing shall be as follows:

**(1)     Panel Presence.**  No hearing shall be conducted without the chair being physically present.

**(2)     Decorum.**  The hearing may be conducted informally but with decorum.

**(3)     Oath.**  Anyone testifying in the hearing shall do so under oath or affirmation as to the truth of the testimony.

**(4)     Florida Evidence Code.**  The rules of evidence applicable to trials of civil actions shall apply but are to be liberally construed.

**(5)     Testimony.**

**(A) Parenting Coordinator Testimony.**  Unless the parenting coordinator claims a privilege or right properly available under applicable federal

or state law, the parenting coordinator may be called as a witness to make specific and complete disclosure of all matters material to the issues.

**(B)  Telephonic and Electronic Testimony.**  Testimony at the hearing may be given through the use of telephonic or other communication equipment upon a showing of good cause to the chair of the panel within a reasonable time prior to the hearing.

**(i) Procedure**.  Any party desiring to present testimony through communication equipment shall, prior to the hearing at which the testimony is to be presented, contact the other party to determine whether the other party consents to this form of testimony.  The party seeking to present testimony shall then move for permission from the chair of the panel to present testimony through communication equipment, which motion shall set forth good cause as to why the testimony should be allowed in this form, and include the identity of the witness, time estimated and substance of the testimony.  In considering sufficient good cause, the panel chair shall weigh and address in its order the reasons stated for testimony by communication equipment against the potential for prejudice to any party who objects.

**(ii)  Other Provisions.** Telephonic and electronic testimony shall otherwise be governed by the Rules of Judicial Administration.

**(6)     Right to Defend.**  A parenting coordinator shall have the right: to defend against all charges; to be represented by an attorney; to examine and cross-examine witnesses; to compel the attendance of witnesses to testify; and to compel the production of documents and other evidentiary matter through the subpoena power of the panel.

**(7)     Parenting Coordinator Discovery.**  The prosecutor shall, upon written demand of a parenting coordinator or counsel of record, promptly furnish the following: the names and addresses of all witnesses whose testimony is expected to be offered at the hearing; copies of all written statements and transcripts of the testimony of such witnesses in the possession of the prosecutor or the DRC which are relevant to the subject matter of the hearing and which have not previously been furnished; and copies of any exhibits which are expected to be offered at the hearing.

**(8)     Prosecutor Discovery.**  The parenting coordinator or parenting coordinator's counsel of record shall, upon written demand of the prosecutor,

promptly furnish the following: the names and addresses of all witnesses whose testimony is expected to be offered at the hearing; copies of all written statements and transcripts of the testimony of such witnesses in the possession of the parenting coordinator or the counsel of record which are relevant to the subject matter of the hearing and which have not previously been furnished; and copies of any exhibits which are expected to be offered at the hearing.

**(9)** **Complainant's Failure to Appear.** Absent a showing of good cause, if the complainant fails to appear at the hearing, the panel may dismiss the case with or without prejudice.

**(10)** **Parenting Coordinator's Failure to Appear.** If the parenting coordinator has failed to answer the underlying complaint or fails to appear, the panel may proceed with the hearing.

**(A)** If the hearing is conducted in the absence of a parenting coordinator who failed to respond to the underlying complaint and the allegations were therefore deemed admitted, no further notice to the parenting coordinator is necessary and the decision of the panel shall be final.

**(B)** If the hearing is conducted in the absence of a parenting coordinator who submitted a response to the underlying complaint, the DRC shall notify the parenting coordinator that the hearing occurred and whether the matter was dismissed or if sanctions were imposed. The parenting coordinator may petition for rehearing by showing good cause for such absence. A petition for rehearing must be received by the DRC and the prosecutor no later than 10 days from the parenting coordinator's receipt of the DRC notification. The prosecutor shall file a response, if any, within 5 days from receipt of the petition for rehearing. The disposition of the petition shall be decided solely by the chair of the panel and any hearing on the motion required by the chair of the panel may be conducted telephonically or by other communication equipment. If a rehearing is ordered, it shall follow the procedures and rules governing the original hearing.

**(11)** **Reporting of Proceedings.** Any party shall have the right, without any order or approval, to have all or any portion of the testimony in the proceedings reported and transcribed by a court reporter at the party's expense.

**(12)** **Bifurcation.** The panel chair may order bifurcated hearings for issues of rule violations and sanctions to avoid prejudice, if warranted by the evidence or case management, or upon the filing of a motion by either party.

- 17 -

**(j)     Decision of Panel.**  Upon making a determination that the case shall be dismissed or that the imposition of sanctions is appropriate, the panel shall promptly notify the DRC of the decision including factual findings and conclusions signed by the chair of the panel.  The DRC shall thereafter promptly send a copy of the decision to all parties.  The decision shall include:

**(1)**  a finding of fact as to each item of  rule violation of which the parenting coordinator is charged, which findings of fact shall enjoy the same presumption of correctness as the judgment of the trier of fact in a civil proceeding; and

**(2)**  a statement of any past disciplinary measures as to the parenting coordinator that are on record through evidence properly admitted by the panel chair during the course of the proceedings (after a finding of rule violation(s), all evidence of prior disciplinary measures may be offered by the prosecutor subject to appropriate objection or explanation by the parenting coordinator).

**(k)     Notice to Circuits and Districts.**  In every case in which a parenting coordinator has had sanctions imposed by agreement or decision, such agreement or decision shall be sent by the DRC to all circuits and districts through the chief judges, all trial and appellate court administrators, and the ADR Directors.  Any information in the agreement or decision which is otherwise confidential under Florida Rule of Judicial Administration 2.420 shall be redacted.

**(l)     Publication.**  Upon the imposition of sanctions, whether by consent of the parenting coordinator and approval by the panel or by decision of the panel after a hearing, the DRC shall publish the name of the parenting coordinator, a list of the rule or rules which were violated, and a copy of the decision of the panel.  Any information in the agreement or decision which is otherwise confidential under Florida Rule of Judicial Administration 2.420 shall be redacted.  Such publication shall be on the DRC page of the Florida Courts' website and in any outside publication at the discretion of the Chief of Alternative Dispute Resolution.


**RULE 15.310.     BURDEN OF PROOF**


The prosecutor bears the burden of proof.  The burden of proof for rule violations is clear and convincing evidence.

## RULE 15.320.    SANCTIONS

**(a)    Generally.**

**(1)**    The parenting coordinator may be sanctioned pursuant to the following:

**(A)**    Agreement with a RVCC.

**(B)**    Agreement with a panel to the imposition of sanctions.

**(C)**    Imposition of sanctions by a panel as a result of its deliberations.

**(2)**    The sanction applies to the parenting coordinator in all circuits in which the parenting coordinator may practice.

**(b)    Types of Sanctions.**  Sanctions may include 1 or more of the following:

**(1)**    Oral admonishment.

**(2)**    Written reprimand.

**(3)**    Additional training, which may include the observation of parenting coordinators for a specific number of sessions.

**(4)**    Restriction on types of cases in which the parenting coordinator may serve.

**(5)**    Suspension, which is defined as removal of the parenting coordinator from the list of qualified parenting coordinators in all circuits for a period of up to 2 years and the parenting coordinator shall not be appointed to any new cases as a parenting coordinator in any circuit during the suspension.  In the case in which the complaint against the parenting coordinator was filed, the parenting coordinator shall notify the parties and the court of the suspension in writing, delivering the written letter to the parties and sending a courtesy copy to the judge.  The parenting coordinator shall also file a letter with the clerks of court in all circuits in which the parenting coordinator serves and send a letter to all current clients of the parenting coordinator, and include a certificate of service stating:

I certify that the foregoing document has been furnished to (here insert name or names, addresses used for service, and mailing addresses) by (e-mail) (delivery) (mail) (fax) on …(date)…

Signature line: _____ ;

Name of Parenting Coordinator.

**(6)** Costs incurred prior to, during, and subsequent to the hearing. The specific categories and amounts of such costs are to be decided by the chair of the panel upon submission of costs by the DRC or the prosecutor and shall include only:

**(A)** travel expenses for members of the panel;

**(B)** travel expenses for prosecution witnesses, prosecutor, panel adviser, and Chief of Alternative Dispute Resolution or designee;

**(C)** court reporter fees and transcription;

**(D)** fees and costs for all investigation services;

**(E)** telephone/conference call charges;

**(F)** postage and delivery;

**(G)** notary charges;

**(H)** interpretation and translation services; and

**(I)** copy costs.

**(7)** Any other sanctions as deemed appropriate by the panel.

**(c)** **Failure to Comply with Sanctions.**

**(1)** If there is a reasonable belief that a parenting coordinator failed to comply with any sanction, unless otherwise provided for in the agreement with a RVCC or the decision of the panel, the DRC may file a motion for contempt pursuant to rule 15.280 and serve the parenting coordinator or applicant with a copy of the motion.

**(2)** The parenting coordinator shall file a response within 20 days of service of the motion for contempt.

**(3)**     If no response is filed, the allegations of the motion are deemed admitted.

**(4)**     The DRC shall thereafter set a hearing and provide notice to the parenting coordinator.  The motion shall also include any additional alleged failures to comply of which the DRC becomes aware prior to the date of the hearing.  The holding of a hearing shall not preclude subsequent hearings on any other alleged failure.

**(5)**     Any sanction in effect at the time that the DRC has a reasonable belief that a violation of the sanctions has occurred shall continue in effect until a decision is reached.

**(6)**     A finding that there was a willful failure to substantially comply with any imposed or agreed upon sanction may result in additional sanctions.

## RULE 15.330.     SUSPENSION, DISQUALIFICATION, AND REMOVAL

**(a)     Reinstatement after Suspension.**  A parenting coordinator who has been suspended shall be reinstated as a parenting coordinator, unless otherwise ineligible, upon the expiration of the suspension and satisfaction of any additional obligations contained in the sanction document.

**(b)     Automatic Disqualification.**  A parenting coordinator shall inform the DRC about any disqualifying event delineated in Chapter 61, Florida Statutes.

**(c)     Notification to Chief Judge**.  If the DRC learns of any disqualifying event of a parenting coordinator, then the DRC will notify the chief judge of each circuit.

**(d)     Disqualified Parenting Coordinators.**  If a parenting coordinator has been disqualified or suspended from service pursuant to these procedures, the parenting coordinator shall not be assigned, appointed, or designated as a parenting coordinator in any court proceeding while disqualified or suspended.

**(e)     Reinstatement after Disqualification.**

**(1)**     A parenting coordinator who has been disqualified may reapply to be a parenting coordinator. In the application, the parenting coordinator shall divulge the disqualification, the reasons for the disqualification, compliance with all sanctions and meeting the qualifications in Chapter 61, Florida Statutes, as well as the reason the parenting coordinator should now be deemed qualified.

**(2)** Unless a greater time period has been imposed by a panel or procedure, no application for reinstatement may be submitted prior to 1 year after the date of disqualification.

**(3)** Other than (1) and (2) above, the reinstatement procedures shall be determined by each circuit.

**(f)** **Removal from Supreme Court Committees.** If a member of the PCRB is disciplined, suspended, or disqualified as a parenting coordinator, or is disciplined, suspended, or disbarred by any professional licensing organization in which the parenting coordinator is a member, the DRC shall immediately remove that member from the committee or board on which the member serves.

## RULE 15.340.    SUBPOENAS

**(a)** **RVCC.** Subpoenas for the production of documents or other evidence and for the appearance of any person before a RVCC, or any member thereof, may be issued by the chair of the RVCC. If the chair is unavailable, the subpoena may be issued by the remaining members of the RVCC.

**(b)** **Panel.** Subpoenas for the attendance of witnesses and the production of documents or other evidence before a panel may be issued by the chair of the panel. If the chair of a panel is unavailable, the subpoena may be issued by the vice-chair.

**(c)** **Service.** Subpoenas may be served in any manner provided by law for the service of witness subpoenas in a civil action.

**(d)** **Failure to Obey.** Any person who, without good cause shown, fails to obey a duly served subpoena may be cited for contempt.

## RULE 15.350.    CONFIDENTIALITY OF DISCIPLINARY PROCEEDINGS

**(a)** **Generally.** All complaints alleging misconduct against parenting coordinators subject to disciplinary action under these rules, including the parenting coordinator's response, if any, and all other records made or received as part of the complaint procedure, are exempt from public disclosure under rule 2.420(c)(3)(B), Florida Rules of Judicial Administration, and shall remain

confidential until a finding of probable cause or no probable cause is established, regardless of the outcome of any appeal.

**(b)** **Breach of Confidentiality.** Violation of confidentiality by a member of the PCRB shall subject the member to discipline under these procedures and removal from the PCRB by the chief justice of the Supreme Court of Florida.

## RULE 15.360.   DISQUALIFICATION AND REMOVAL OF MEMBERS OF A RVCC, PANEL, OR PCRB

**(a)** **Disqualification of Member.** A member of the PCRB is disqualified from serving on a RVCC or panel involving that member's own discipline.

**(b)** **Party Request for Disqualification of a PCRB Member.** Any party may move to disqualify a member of the RVCC or panel before which the case is pending. Factors to be considered include, but are not limited to:

  **(1)** the member or some person related to that member has an interest in the result of the case;

  **(2)** the member is related to an attorney or counselor of record in the case; or

  **(3)** the member is a material witness for or against any of the parties to the case.

**(c)** **Board Member Initiative.** A member of any RVCC or panel may disqualify him/herself on the member's own initiative at any time.

**(d)** **Facts to be Alleged.** Any motion to disqualify shall be in writing, allege the facts relied on to show the grounds for disqualification, and shall be made under oath by the moving party.

**(e)** **Time for Motion.** A party shall file a motion to disqualify with the DRC not later than 10 days after the movant discovered or reasonably should have discovered the facts which would constitute grounds for disqualification.

**(f)** **Decisions on Motions.** The chair of the RVCC or panel shall hear and decide any motions for disqualification. A motion for disqualification of the chair shall be heard by the vice-chair.

**(g)     Replacement.**  Depending on the circumstances, the DRC shall replace any disqualified member.

**(h)     Qualifications for New Member.**  Each new member serving as a replacement shall have the same qualifications as the disqualified member.


## RULE 15.370.     CHIEF JUDGE REVIEW

**(a)     Right of Review.**  Any parenting coordinator found to have committed a violation of the rules or otherwise sanctioned by a hearing panel shall have a right of review of that action.  Review of this type shall be by the chief judge or designee of the circuit which qualified the parenting coordinator in the case which gave rise to the underlying action.

**(b)     Rules of Procedure.**  The Florida Rules of Appellate Procedure shall control to the extent applicable or as modified by procedures for qualification and appeals of discipline of parenting coordinators as adopted in each circuit.

**(c)     Notice of Review.**  The jurisdiction to seek review of disciplinary action shall be invoked by submitting an original and one copy of a Notice of Review of Parenting Coordinator Disciplinary Action to the chief judge of the circuit or designee within 30 days of the panel's written decision.  A copy shall be provided to the DRC.  A copy of the panel decision shall be attached to the notice.

    **(1)     Standard of Review.**  The chief judge or designee shall review the findings and conclusions of the panel using a competent substantial evidence standard, neither reweighing the evidence in the record nor substituting the reviewer's judgment for that of the panel.

    **(2)     Decisions.**  Decisions of the chief judge or designee shall be final.